Allene J. MAULDIN, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 4552.

United States District Court
D. South Carolina,
Greenville Division.

Nov. 10, 1966.

Theodore M. Burns, Jr., Greenville, S. C., for plaintiff.

John C. Williams, U. S. Dist. Atty., by Robert O. DuPre, Asst. U. S. Atty., Greenville, S. C., for defendant.

ORDER

SIMONS, District Judge.

■ This is an appeal from a "final decision" by the Secretary of Health, Education, and Welfare denying plaintiff disability benefits under the Social Security Act. The only question before the court is whether the Secretary's decision is supported by substantial evidence. If so supported, it must be affirmed. This court has no authority to try the case *de novo*. Thomas v. Celebrezze, 331 F.2d 541 (4 Cir. 1964).

■ On November 22, 1963, from a hearing held November 8, 1963, the hearing examiner found that the claimant had not established that she had impairments, either singularly or in combination, of such severity as to preclude her from engaging in any substantial activity. This decision became the "final decision" of the Secretary when the Appeals Council denied formal review.

Plaintiff was born on July 31, 1916. Upon filing her claim for disability benefits on August 20, 1962 she stated that she became unable to work on December 13, 1961 because of "chest trouble and stomach, also asthma." She subsequently complained of trouble swallowing and eating solid food, fluid in her throat, difficulty in breathing, choking and nerves, and shortness of breath. Plaintiff attended school through the seventh grade. At the age of fourteen she began work, and her entire work experience since that time has been as a textile mill worker. She stopped work in December of 1961. For seventeen years prior to that time she worked as a weaver where she ran looms, and inspected and removed rolls of cloth. She worked eight hours a day for five and a half days a week. Her work required much walking and bending.

The plaintiff alleges numerous and sundry complaints. Dr. W. G. McCuen, her family physician, stated that plaintiff suffers from asthma, esophagal stenosis and anemia. He reported that the plaintiff had shortness of breath upon "little more than sedentary and prolonged sedentary activity". These causes of her complaints can be determinedly traced from 1953. At that time a sizeable segment of the lower one-third of her esophagus was removed and replaced by some type of plastic. A third operation was performed on August 21, 1962 by Dr. J. Robert Thomason whose clinical findings show a satisfactory recovery by the plaintiff. She previously underwent surgery for a removal of part of her stomach. Dr. Everett B. Poole, who examined the plaintiff at the instance of the Government, noted that the plaintiff has had thirteen hospitalizations in all for her esophagus and asthma attacks.

The plaintiff's adjustment to her impairments has been unsatisfactory. The diagnosis of Dr. Roy J. Ellison, a specialist in psychiatry, who examined plaintiff at the instance of the Government, was that she was suffering from a mild to moderate chronic anxiety reaction. Dr. Poole who did report that plaintiff was able to maintain her nutrition also reported that she doubtlessly did have trouble swallowing most solid food, especially meat. Plaintiff's family physician stated that she was not able to work because of her recurring nausea, vomiting and asthma.

The hearing examiner concluded:

"It is significant that claimant has had trouble swallowing solid foods for about 12 years but nevertheless has successfully competed in the labor market up until she quit her last job."

"The vocational witness testified that claimant possessed the necessary skills to perform the duties of specified jobs."

"The burden of proving her case rests with the claimant. The hearing examiner finds that she has failed to carry that burden."

After a careful consideration of the record, the court concludes that the findings of the hearing examiner are clearly erroneous. As stated by the Fourth Circuit in Thomas v. Celebrezze, 331 F.2d 541 (1964):

"There are really two steps to a finding of disability: First, a finding of a 'medically determinable physical or mental impairment * * *' and, second, a finding that the impairment in fact causes an inability to 'engage in any substantial activity * * *.'"

The second step is a subjective not objective test:

"We think the examiner so fragmentized [the claimant's] several ailments in the medical opinions regarding each of them that he failed to properly evaluate their effect in combination upon this claimant * * * Furthermore, the question of whether a claimant is disabled, as that term is used in the Act, is an inquiry which must be directed to *that particular individual*, not to a theoretical average man or even to an average claimant." Dillon v. Celebrezze, 345 F.2d 753, 757 (4 Cir. 1965).

In determining this causal connection, the court should consider (1) the objective medical facts, (2) expert medical opinions, (3) subjective evidence of pain and disability, and (4) the claimant's age, educational background and work history. Underwood v. Ribicoff, 298 F. 2d 850 at 851 (4 Cir. 1962). Faced with these elements of disability a theoretical average man might be able to overcome the recurrent nausea and vomiting that besets this plaintiff, or if not, at least so as not to let these impairments preclude him from engaging in substantial employment. With more education, experience and training doubtless this claimant might have met the standard that the Secretary measured her by.

Once having determined that plaintiff suffered a medically determinable physical or mental impairment, it was the duty of the hearing examiner to consider and evaluate its effect upon the claimant to determine if she were unable to engage in substantial employment. This he did not do. Moreover, he ignores or at least does not give sufficient weight to the testimony of her own physician who concluded that the claimant was not able to work. See Cyrus v. Celebrezze, 341 F.2d 192 (4th Cir. 1965).

The claimant has demonstrated a requisite physical limitation. Her age and educational background in the light of her sole occupational history of performing semi-skilled labor in the textile mills lead to the conclusions that the prospect for retraining and employment are non-existent. She has no transferrable skills.

Accordingly the court finds that the final decision of the Secretary is not supported by substantial evidence and is clearly erroneous. It must, therefore, be reversed.

And it is so ordered.