**Allene J. MAULDIN, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 4552.**

United States District Court
D. South Carolina,
Greenville Division.

Feb. 28, 1967.

John H. Williams, U. S. Atty., by Robert O. DuPre, Asst. U. S. Atty., Greenville, S. C., for plaintiff.

John B. Culbertson, Greenville, S. C., for defendant.

SIMONS, District Judge.

This matter is before the court upon petition of claimant and her counsel, John B. Culbertson, Esquire, of Greenville, South Carolina, asking that the court approve an attorney's fee for claimant's attorney in the amount of $1,325.50, which represents twenty-five percent of the accrued and past due benefits to which claimant is entitled under Order of this court issued November 9, 1966 and filed November 10, 1966.

In support of this petition claimant has also filed her affidavit asserting that the attorney's fee of one-fourth of the accrued benefits has been agreed to by her, and that she considers the same a fair and just fee for such services. It appears that claimant's attorney represented her on a contingent fee basis of one-fourth of the past due benefits collected by her, and if no recovery was obtained he would receive no fee.

Claimant gives full credit to her attorney for obtaining a reversal of the Secretary's adverse decision and an award of benefits to her by the court, D.C., 260 F.Supp. 287. She urges the court to issue its Order requiring defendant to pay twenty-five percent of her accrued benefits directly to her attorney as his fee for services rendered to her in connection with the prosecution of her claim against defendant in this court.

A review of the file in this case reveals that claimant's attorney prepared and filed with the court an able and persuasive brief on the facts and the law, indicating that her attorney had made a thorough study of the transcript of the record and a diligent search of the applicable statutory and case law.

After a careful consideration of the record, including briefs filed by claimant's and defendant's counsel, the court issued its Order reversing the Secretary's final decision denying benefits to claimant and directed the entry of judgment recognizing her disability and awarding her disability benefits under the Act. Thereafter, in due course defendant filed notice of appeal from the court's Order which was later abandoned, and upon entry of an appropriate Order the court's decision awarding claimant disability benefits became a final judgment. Under such award claimant is entitled to accrued or past due benefits under the Social Security Act in the amount of $5,302.00. One-fourth of these benefits amounts to the sum of $1,325.50, which is the maximum fee which the court may approve under Title 42 U.S.C.A. § 406 (b).

The United States Attorney's office representing defendant has advised that it must oppose the approval of such fee without an evidentiary hearing by the court to determine the reasonableness of such fee. The United States Attorney further advises that the Secretary of Health, Education and Welfare, defendant herein, insists that an evidentiary hearing be held in all such cases to determine the reasonableness of the attorney's fee to be awarded claimant's attorney, and that he is therefore powerless to consent to the award of any attorney's fee without such hearing. The United States Attorney further asserts that the position of the Secretary is supported by the decision of Chief Judge Haynsworth in Redden v. Celebrezze and Lambert v. Celebrezze, Fourth Circuit, filed December 8, 1966, 370 F.2d 373 (on Petitions for Rehearing) wherein he stated:

"Routine approval of the statutory maximum allowable fee should be avoided in all cases. In a great majority of the cases, perhaps, a reasonable fee will be much less than the statutory maximum. The statute directs a determination and allowance of a reasonable fee and the courts are responsible under the Act for seeing that

unreasonably large fees in these Social Security cases are not charged or collected by lawyers."

■ This court recognizes that under the Social Security Act it is the prerogative, in fact the duty, of the District Judge to determine and allow a reasonable fee for claimant's lawyer within the limitation which has been provided by Congress in its enactment of Section 406 (b) of the Act. However, the court does not construe Chief Judge Haynsworth's opinion in *Redden* and *Lambert*, supra, as requiring the District Court to hold an evidentiary hearing in all cases in determining the amount of a reasonable attorney's fee for claimant's attorney.

■ From the record here there is ample evidence to demonstrate the amount, quality and proficiency of the services rendered claimant in bringing suit in this court asking that the Secretary's final decision denying claimant benefits under the Act be reversed and asking that claimant be awarded disability benefits. It is also relevant that claimant's petition and affidavit assert that twenty-five percent of the accrued benefits to which she is now entitled is entirely a fair, reasonable and just fee for her attorney's services. The court is mindful of the fact that, generally, claimants for Social Security benefits are for the most part indigent and financially unable to pay an agreed flat fee to employ an attorney to prosecute his claim for benefits in the District Court; further that it is the accepted practice that an attorney represents such claimants on a contingent fee basis whereby he receives a percentage of the past due benefits in the event he is successful in the case, but he receives no fee and possibly no reimbursement for expenses incurred by him in prosecuting claimant's action in the District Court should he fail to prevail.

■ Surely an attorney is entitled to a reasonable fee for services rendered his client in prosecuting a claim in this court, and it is as much the court's responsibility to see that a reasonable and adequate fee is paid to claimant's attorney, as it is to see that such attorney does not receive an unreasonably large or unconscionable fee for his services. From experience in reviewing a goodly number of the Secretary's decisions it has become readily apparent that a claimant must all too frequently resort to a judicial proceeding to obtain the benefits to which he is clearly and obviously entitled. Thus it would be contrary to the beneficent purposes for which the Act was adopted by Congress for the court to refuse to allow a claimant's attorney a reasonable and adequate fee for his services rendered within the limits prescribed by the Act when to do so would make it exceedingly difficult, if not impossible, for many deserving claimants to obtain proper legal representation to pursue and prosecute their deserving and legitimate claims in the District Court after they had been arbitrarily denied by the Secretary and his minions.

■ In this case the court has no hesitancy in determining that a fee of $1,325.50 representing one-fourth of the past due benefits to which claimant is now entitled is a reasonable and just fee to be paid claimant's counsel for services rendered in prosecuting her claim to a successful conclusion in this court. The judgment heretofore entered for claimant will be supplemented accordingly and the Secretary is directed to make payment of the attorney's fee directly to claimant's attorney from the funds which he has withheld from claimant for that purpose.

And it is so ordered.