**Peter STEFERO**

v.

**John W. GARDNER, Secretary of Health, Education, and Welfare, United States of America.**

No. 43929.

United States District Court
E. D. Pennsylvania.

June 26, 1968.

W. J. Krencewicz, Shenandoah, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This action is brought under Section 205(g) of the Social Security Act, 42 U. S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. The final decision is that of the Appeals Council dated October 16, 1967, denying the plaintiff's request for the review of a decision rendered by the

hearing examiner on August 24, 1967, in which the examiner held that the plaintiff is entitled to a period of disability and disability insurance benefits beginning June 17, 1966, in accordance with the provisions of Sections 216(i) and 223 of the Social Security Act, as amended.

Plaintiff contends that the term "disability" as it applies to this case and as defined by the Act commenced or began on May 11, 1965, as opposed to June 17, 1966. He contends that the entire record, containing, *inter alia,* the findings, conclusions and order of the Pennsylvania Workmen's Compensation authorities support his contention that "disability" began on May 11, 1965. He argues that Dr. William V. Dzurek there testified that "disability" began on May 11, 1965. Dr. Dzurek also testified in the instant case. He further argues that the claimant was there examined by a physician for the defendant employer in that proceeding and by a physician for the Commonwealth of Pennsylvania likewise a defendant in that proceeding; that neither was called as a witness "which would indicate", argues the plaintiff, that if they were called they would have testified that "disability" commenced on May 11, 1965.

From this we are asked to conclude that the entire record establishes that "disability" began on May 11, 1965. We are asked to reverse "in part" and to find as a fact that disability began on May 11, 1965, rather than June 17, 1966.

■■ A fatal weakness in plaintiff's argument rests in the fact that this Court is not given the authority to make its own independent findings of fact. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). This Court has no authority to hear the case *de novo.* Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964); Mauldin v. Celebrezze, 260 F.Supp. 287 (D.C.S.C.1966). The question here involved, therefore, is whether there is substantial evidence to support the Sec-

retary's decision. To answer this question, it is the duty of this Court to look at the record as a whole. Boyd v. Folsom, 257 F.2d 778 (3rd Cir. 1958); Klimaszewski v. Flemming, 176 F.Supp. 927 (E.D.Pa.1959).

■ The test for disability consists principally of two parts: (1) a determination of the extent of the physical or mental impairment and (2) a determination whether that impairment results in an inability to engage in substantial gainful activity. Stancavage v. Celebrezze, 323 F.2d 373 (3rd Cir. 1963); Klimaszewski v. Flemming, supra, 176 F.Supp. at page 931.

■ "Substantial evidence" has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion". Consolo v. Federal Maritime Commission, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L. Ed.2d 131 (1966); Consolidated Edison Co. of New York v. National Labor Relations Board, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L.Ed. 126 (1938). It must be enough, if the trial were to a jury, to justify a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. If there is only a slight preponderance of the evidence on one side or the other, the Secretary's finding should be affirmed. Underwood v. Ribicoff, 298 F. 2d 850, 851 (4th Cir. 1962).

■ There are four elements of proof to be considered in making a finding as to plaintiff's ability or inability to engage in any substantial gainful activity. They are: (1) medical data and findings, (2) expert medical opinions, (3) subjective complaints, and (4) plaintiff's age, educational background, and work history. Dillon v. Celebrezze, 345 F.2d 753, 755 (4th Cir. 1965); Thomas v. Celebrezze, supra, 331 F.2d at 545; Underwood v. Ribicoff, supra, 298 F.2d at 851.

■ The examiner, in a full and well-written opinion, after discussing the evidence in detail, suggests (p. 12) that claimant suffers the "impairments

of three body systems, to wit, orthopedic * * * pulmonary * * * and neurological * * *." He finds that the combination of all three "impairments" is responsible for the claimant's disability "since June 17, 1966". (p. 13) He finds that certain "significant impairments were not established to exist prior to * * * June 17, 1966". (p. 13) Such findings are not without substantial supporting evidence in this record as presently constituted and as submitted to this Court.

 On the contrary, plaintiff contends that the entire record establishes that disability occurred on May 11, 1965, and as previously stated, we are asked to consider evidence not produced in this case and not produced in the case before the Pennsylvania Workmen's Compensation authorities. This we cannot do. Nor can we draw inferences not properly suggested by this record.

 Plaintiff suggests that "the law favors a liberal construction in favor of claimant". Bagwell v. Celebrezze, 232 F.Supp. 989 (D.C.S.C.1964). He further suggests that anthracosilicosis in and of itself, and without independent accompanying conditions, may be totally disabling. Both propositions are sound. However, they do not vest in this Court the authority to make its own independent findings based upon inferences drawn from the lack of the production of testimony apparently available to the defendants in another and independent proceeding before the Pennsylvania compensation authorities.

Therefore, plaintiff's motion for summary judgment will be denied.

 However, since plaintiff so strongly relies upon the findings of the Pennsylvania compensation authorities before whom all testimony was not produced[1], we will remand the record to the Secretary in accordance with the provisions of 42 U.S.C. § 405(g) for the pro-

duction of such additional evidence as either plaintiff or defendant may desire to produce, thus giving the plaintiff full opportunity to establish that the "disability" contemplated by the Act in fact occurred, began or commenced on May 11, 1965, as contended and thus giving the defendant full opportunity to rebut. On the basis of the record as thus supplemented and enlarged the Secretary shall determine whether "disability" as contemplated by the act occurred or began prior to June 17, 1966, and if so the specific date of such occurrence and shall appropriately modify or affirm his findings and decision.

Therefore, the defendants' motion for summary judgment will likewise be denied.

---

1. Of course, any determinations made by the Pennsylvania Bureau of Workmen's Compensation are not binding on the Secretary of Health, Education and Welfare. Dupkunis v. Celebrezze, 323 F.2d 380 (3rd Cir. 1963).