**George CHORATCH, Plaintiff,**

**v.**

**Robert FINCH, Secretary of Department of Health, Education and Welfare, Defendant.**

**Civ. A. No. 69–347.**

United States District Court,
W. D. Pennsylvania.

April 13, 1970.

Ezerski, Shire & Bergstein, Monessen, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, Senior District Judge.

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C.A. 405(g), to review a final decision of the Secretary of Health, Education and Welfare. The final decision of the Secretary was rendered by the Appeals Council on January 22, 1969. This final decision holds that plaintiff is not entitled to a period of disability or disability insurance benefits based on his application filed February 15, 1967.

■ The immediate matter before the Court is a Motion for Summary Judgment filed on behalf of the defendant and it is argued and presented through briefs that the Court should grant summary judgment in behalf of the plaintiff. Consistent with well reasoned Court decisions, the Court will consider the issues as if each of the parties had presented a Motion for Summary Judgment. Hennessey v. Federal Sec. Adm'r., 88 F.Supp. 664 (D.C.Conn.1949); Farmers Ins. Exchange v. Allstate Ins. Co., 143 F.Supp. 213 (D.C.Mich.1956); United States v. Franklin Federal Savings and Loan Ass'n., 140 F.Supp. 286 (D.C.Pa.1956); American Auto Ins. Co. v. Indemnity Ins. Co. of North America, 108 F.Supp. 221, aff. 228 F.2d 622 (D.C.Pa.1952); Boeing Co. v. International Union, United Auto., Aerospace and Agr. Implement Workers of America (UAW; AFL-CIO), 234 F.Supp. 404 (D.C.Pa.1964).

The Court has considered the pleadings, the full and complete records, the argument, briefs of counsel and the references to law set forth therein.

The only issue before the Court is whether the final decision of the Secretary is supported by substantial evidence.

■ The burden of proof in this action is on the plaintiff to show that he has impairments provable by clinical findings, diagnoses, examination, tests, or other means either subjective or objective, which are of such severity that he was unable to engage in any substantial gainful activity on or before March 31, 1966.

■ To qualify for disability insurance benefits and a period of disability under Sections 223 and 216(i) of the Social Security Act, 42 U.S.C.A. §§ 423 and 416(i), an individual must meet the insured status requirements of these sections, be under age 65, file an application for disability insurance benefits and a period of disability, and be under a "disability" as defined in the Act.

The term "disability" is defined in Section 223 to mean:

"(d) (1)   *   *   *

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continous period of not less than 12 months;

*   *   *

"(B)   *   *   *

"(2) For purposes of paragraph (1) (A)—[1]

"(A) an individual   *   *   * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy ex-

---

[1]. The definition of "disability" was amended by the Social Security Amendments of 1967. Public Law 90-248, 81 Stat. 821. Section 158(e) of those amendments provides that the amendments to the definition of disability shall apply to cases pending before the courts if no final decision in the civil action was rendered before the month in which the amendments were enacted which was January 1968.

ists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

"(B) * * *

"(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

"(4) * * *

"(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."

For purposes of establishing a period of disability under Section 216(i) of the Social Security Act, as amended, the same disability provisions as contained in Section 223(d) (1) (A), (2) (A), (3) and (5) of the Act apply.

Plaintiff last meets the special insured status requirements of the Act on March 31, 1966. Therefore, plaintiff must establish that his disability began on or before that date. In other words, this is the critical and only date involved in determining whether there is substantial evidence in the record to support the findings and conclusions of the Secretary.

It is not disputed that in the summer of 1960 the United States Steel Company discontinued its operations in Donoro, Pennsylvania, for economic reasons, and he was laid off. The claimant testified that he collected unemployment compensation benefits for one year, and then was on public assistance for six months, until October 1962 when he was granted a retirement pension of $140 a month by the United States Steel Company. The claimant testified that his pension was subsequently increased, and that he was currently receiving $155 a month on his retirement pension. The claimant was advised in 1967 by the United States Steel Company to apply for disability insurance benefits under the Social Security Act since he would then be eligible for larger total benefits even though his retirement pension from the United States Steel Company would be somewhat decreased.

The plaintiff filed an application for a period of disability and for disability insurance benefits on February 15, 1967, alleging that he became unable to work on January 3, 1966, at age 56. The application was denied initially and on reconsideration by the Bureau of Disability Insurance of the Social Security Administration, after the Pennsylvania State Agency, upon evaluation of the evidence by physicians and disability examiners had found that the plaintiff was not under a disability. The hearing examiner, before whom the plaintiff, his wife, and a vocational expert appeared, considered the case *de novo*, and on August 30, 1968, found that the plaintiff was not under a disability.

The plaintiff has not worked since January 3, 1966. His chief complaint was that he experienced pain all over his body. The earnings requirement for disability purposes expired on March 31, 1966.

When denying the case, the hearing examiner ruled that the plaintiff's impairments were not disabling as of March 31, 1966, when his disability insurance status expired. On this basis, he concluded that the plaintiff was not entitled to either a period of disability or to disability insurance benefits.

Plaintiff was born on April 3, 1910 and quit school while in the eighth grade. He worked in the milk dairy for three years and subsequently for thirty-three years in a steel mill at various jobs. He performed odd jobs as late as 1963.

It must be kept in mind at all times that the criteria date in this proceeding is March 31, 1966, which is the time that

the plaintiff's eligibility or status for benefits expired. I must conclude, unfortunately due to the present condition of the plaintiff, that plaintiff's condition was not so severe on or before this critical date as to preclude him from engaging in some type of substantial gainful activity at any time prior to March 31, 1966, the date the plaintiff last met the special earnings requirements as required by the Social Security Act.

There is substantial evidence in the record to support the conclusion the plaintiff was first seen for migratory joint pains in January 1967, which was over nine months after he last met the special earnings requirements of the Act. The question as to when the disabling condition arose was one for the hearing examiner to resolve and it was determined that the plaintiff had the capacity to engage in substantial gainful activity before his insured status expired.

This is another example where a statute should be amended to provide for benefits where a person's physical or the organic condition of his body progresses to a point where there is a disabling condition after the critical date for the insured status, especially where the condition which arises after the critical date progressed from the condition or multiple conditions which existed before said date. There is just nothing any Court can do about circumstances such as exist in this case.

It has also been concluded with substantial evidence to support such finding that a number of jobs or gainful employment was available in the local economy, among which were jobs as a janitor, a laborer, a brewery tester, and a metal chaser.

The Secretary concluded after consideration of all the evidence of record that the plaintiff had no impairment of sufficient severity on or prior to March 31, 1966, to preclude the performance of any substantial gainful work, such as work which he had done previously.

■ Plaintiff is only entitled to Social Security disability insurance benefits if he can establish both the fact that he suffers from a medically determinable mental and physical impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months, and the fact that it is by reason of that impairment that he is unable to engage in any substantial gainful activity. § 223(d) of the Act, 42 U.S.C.A. § 423(d), Rachocki v. Gardner, 250 F.Supp. 317 (W.D.Pa., 1966).

■ Four elements of proof are to be considered in reaching determination as to a claimant's ability or inability to engage in substantial work. These factors are (1) medical data and findings, (2) expert medical opinions, (3) subjective complaints, and (4) plaintiff's age, educational background and work history. § 223(d) of the Act, 42 U.S.C.A. § 423(d); Stefero v. Gardner, 285 F.Supp. 898 (E.D.Pa., 1968).

The law requires that he prove that he was disabled at the time when he last met the special insured status requirement, which in this case is March 31, 1966, and that his disability must have precluded all substantial gainful activity on or by that date. James v. Gardner, 384 F.2d 784, 786 (4th Cir. 1967); Carter v. Celebrezze, 367 F.2d 382, 384 (4th Cir. 1966); Nelson v. Gardner, 271 F.Supp. 800 (S.D.W.Va., 1967), affirmed 386 F.2d 92 (6th Cir. 1967), further the reviewing Court may not substitute its own factual findings for those of the Secretary. Boyd v. Folsom, 257 F.2d 778, 781 (3d Cir. 1958).

There is no doubt that the plaintiff did not extend any good faith efforts to find work from the time he was laid off in 1960 (at approximately age 50) to the time he claims he became disabled in 1966.

■ It is well settled that if there is substantial evidence to support the decision of the Secretary, then his decision must be upheld. Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962);

Willis v. Gardner, 377 F.2d 533, 534 (4th Cir. 1967); Hodgson v. Celebrezze, 312 F.2d 260 (3d Cir. 1963); Rachocki v. Gardner, *supra*. Even if there is only a slight preponderance of the evidence on one side or the other, the Secretary's findings must be affirmed. Graham v. Gardner, S.D.W.Va., Civil No. 2376, February 22, 1968.

The Motion for Summary Judgment on behalf of the plaintiff is denied, and on behalf of the defendant is granted.

An appropriate Order is entered.