Carrie A. **HORNER**

v.

Elliott L. **RICHARDSON,** Secretary of Health, Education and Welfare.

Civ. A. No. 69–2025.

United States District Court, E. D. Pennsylvania.

June 26, 1971.

Louis B. Goldberg, Melrose Park, Pa., for plaintiff.

Louis C. Bechtle, U. S. Atty., Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION

HANNUM, District Judge.

This action has been brought under Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. 405(g), to review a final decision of the Secretary of Health, Education, and Welfare denying the plaintiff's application for a waiver of the government's right to recover overpayments made to the plaintiff.

From a special determination on November 10, 1967 it was revealed that the government had made overpayments to the plaintiff in the amount of $9,259.00 between October 1957 and November 1967. On May 28, 1968, plaintiff's application to the Social Security Administration for a waiver of overpayments was denied. On April 7, 1969, a hearing examiner determined that a disallowance of the waiver was proper and this decision was ultimately affirmed by the Social Security Administration Appeals Council on May 21, 1970. As a consequence of that decision the defendant now moves for summary judgment. Plaintiff has not so moved, but does argue that the decision of the Appeals Council should be reversed. Since 42 U.S.C.A. § 405(g) provides that the Court may enter judgment affirming, modifying, or reversing the Secretary upon the pleadings and a transcript of the administrative record, the issues in the present case will be considered as if each party had moved for summary judgment. See Choratch v. Finch, 310 F. Supp. 1202 (W.D.Pa.1970). The sole issue before this Court is whether the findings of the Appeals Council are supported by substantial evidence.

The Appeals Council made the following findings of fact. In early 1956 plaintiff was living in Philadelphia, Pennsylvania. She had been separated from her

husband since 1913. The record indicates that he was living in San Francisco and, although "remarried", had never obtained a divorce from the plaintiff. On February 3, 1956, plaintiff filed an application for old-age insurance benefits based on her own earnings under account number 164–07–5520. The application was filed in the Philadelphia, Pennsylvania office of the Social Security Administration. In response to question 3(a) of the application plaintiff represented that she was not married. On the basis of the application filed she was awarded old-age benefits in the amount of $69.60 per month commencing in February 1956. This amount was increased to $75.00 per month in 1958 and later increased to $80.30 per month in 1965.

On October 27, 1957, plaintiff's estranged husband died. On February 24, 1958, with the aid of an attorney, plaintiff applied for survivors insurance benefits as the unremarried widow of her late husband. The application was made to the San Francisco, California office of the Social Security Administration under the account number of the deceased, Don H. Horner, 553–10–7537–D. In response to question number 22 on the application form asking, "Have you or any children listed in item 14 ever had a social security account number?", the notation "None" was entered. Thereafter plaintiff was awarded widow's benefits in the amount of $73.90 per month commencing in October 1957. In 1961 the benefits were increased to $86.70 per month and thereafter to $92.80 per month in 1965.

The checks plaintiff received for her old-age allowance benefits were mailed from Philadelphia, Pennsylvania, whereas, the checks she received as the unremarried widow of Don H. Horner were mailed from San Francisco, California. Had either or both applications for benefits been completed accurately, the Social Security Administration would have been in a position to prevent any overpayments.

Concerning the interrelationship between an individual's eligibility for both old-age insurance benefits and unremarried widow's benefits the Social Security Act and regulations are clear. Section 202(e) (1) (E) of the Act, 42 U.S.C.A. § 402(e) (1) (E) and § 404.353 of the Regulations, 20 C.F.R. § 404.353, provide that a woman who is simultaneously eligible to receive both old-age insurance benefits on her own earnings record and widow's insurance benefits on her deceased husband's earnings record shall receive no more than the greater of the benefits. Section 404.407 of the Regulations, 20 C.F.R. § 404.407, provides that she will receive monthly the amount of her old-age benefit, plus any difference between that and her widow's benefit. She is, therefore, entitled to receive one check each month for the larger amount but not the full benefits from both individual earnings records.

As a consequence of the misleading information submitted by the plaintiff in both application forms, she received overpayments from the Social Security Administration in the amount of $9,259. The receipt of these overpayments is not contested. Plaintiff objects to the government's withholding of all future old-age and widow's benefits until the amount of the overpayments made is recovered. In situations of this nature section 204(b) of the Act provides:

"In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is *without fault* if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience." (Emphasis added.)

In considering the plaintiff's application for a waiver of the government's right to recover the overpayments, the issue before the Appeals Council was whether the plaintiff was "without fault" in causing the overpayments to be made. Section 405.507 of the Regulations, 20

C.F.R. § 404.507, sets forth the following standard:

"'Fault' as used in 'without fault' * * * applies only to the individual. Although the Administration may have been at fault in making the overpayment, that fact does not relieve the overpaid individual or any other individual from whom the Administration seeks to recover the overpayment from liability for repayment if such individual is not without fault. In determining whether an individual is at fault, the Administration will consider all pertinent circumstances, including his age, intelligence, education, and physical and mental condition. What constitutes fault * * * on the part of the overpaid individual * * * depends upon whether the facts show that the incorrect payment to the individual * * * resulted from:

"(a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or

"(b) Failure to furnish information which he knew or should have known to be material; or

"(c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect."

In addition to the findings stated above, the Appeals Council further found that plaintiff knew or could have been expected to know that concurrent payments from two totally separate accounts was improper. Upon application for benefits all applicants are given an informational pamphlet explaining social security benefits. The pamphlet used when the plaintiff filed her application for widow's insurance benefits specifically stated that one who is simultaneously eligible for old-age insurance benefits and also widow's benefits shall only receive the larger of the two. That she was aware of the segregated nature of both accounts from which she was receiving payments is indicated by her maintenance of both accounts under different representations as to her full name. On July 21, 1961, the plaintiff notified both the Philadelphia and San Francisco offices of a change of address. On the form submitted to the Philadelphia office she used her own account number, 164–07–5520, and the name Carrie Horner. On the form submitted to the San Francisco office she used her deceased husband's number, 553–10–7537–D, and used the name Carrie A. Horner.

In filing both applications for benefits and in notifying separate offices of a change of address, the plaintiff had not only the opportunity, but also the responsibility to provide the Social Security Administration with honest and accurate information. The misfortune of which the plaintiff presently complains is of her own making.

On the basis of the foregoing findings, it is the opinion of this Court that the decision of the Appeals Council is supported by substantial evidence.