Jose Maria **MARTINEZ**, Plaintiff,

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE**, Defendant.

Civ. No. 107–72.

United States District Court,
D. Puerto Rico.

July 3, 1973.

Eduardo Perez-Soto, Arecibo, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., San Juan, P. R., for defendant.

### ORDER

TOLEDO, District Judge.

This plaintiff filed an application for disability insurance benefits on March 20, 1970, alleging that he became unable to work in December 1960, due to his mental condition. Said application was denied in a final administrative manner on June 29, 1971, and the plaintiff brings that decision to us now under Section 205(g) of the Social Security Act (hereinafter the Act), for the purpose of our determining whether the Secretary's decision is supported by substantial medical evidence in the record.

▮ This plaintiff last met the special earnings requirement specified in Section 216 of the Act, on December 31, 1962 (Tr. 14). Thus, the hearing examiner correctly held that in order to be entitled to disability benefits under the Act, this plaintiff had to establish on the basis of medical evidence that he was under a disability on or before the above mentioned date, and that such a disability continued thereafter to within reach of the 14-month retroactive period of his application of March 20, 1970.

▮ The hearing examiner finds that "although claimant carried a diagnosis of schizophrenia, his ailment was under good control and did not pose a significant impairment from the fourth quarter of 1961 to 1969 (Tr. 14). Section 205(g) of the Act provides that "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." Accordingly, the Secretary's findings, if reasonable, should not be disturbed by the court on review. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Nevertheless, an amount of temperance has been added to the stringent statutory requirements under the Act, and courts have held that the law favors a liberal construction in favor of a claimant for disability benefits. Stefero v. Gardner, D.C., 285 F.Supp. 898.

The hearing examiner takes notice of the fact that this plaintiff was admitted to the Pilgrim State Mental Hospital in New York on June 26, 1961 with a diagnosis of schizophrenia. During the hospitalization, he was treated with a series of electric shock treatments and released in an "improved" condition (Tr. 101).

It is apparent that this plaintiff met the special earnings requirement of the Act when he was hospitalized in 1961 and that he was entitled to receive contemporaneous disability benefits had he applied for them and if the Secretary had decided he was mentally unfit to work.

But this plaintiff has waited for eight (8) years to bring this action and it seems his lack of success in the proceedings may stem to a great extent, from his inability to gather enough medical evidence which relates back to his mental condition prior to 1962. This situation, of course, may have resulted precisely because the plaintiff never understood what he was supposed to do with regard to the proper filing of an application for disability insurance benefits.

■ While ignorance of the law cannot be pleaded successfully in these proceedings, this Court has held recently that if a claimant has been found to be disabled after expiration of his coverage period, a medical determination can be made to see whether such a condition existed continuously and in the same degree for a period which would extend back to a date when the claimant did meet the special earnings requirement of the Act. Lydia Lopez v. Elliot Richardson, Secretary of Health, Education and Welfare, Civil No. 599–71, decided December 21, 1972. See also Gumersinda Roman v. Secretary of Health, Education and Welfare, D.C., 1972, 355 F. Supp. 646. There, the claimant last met the insured status requirement on December 31, 1967. Before this date, ophthalmologists, neurologists, radiologists and general practitioners diagnosed the claimant's mental affliction as migraine headaches with visual limitation. After December 31, 1968, a psychiatrist, on the basis of the same set of symptoms, diagnosed a conversion reaction with anxiety. We remanded for the taking of further medical evidence on the claimant's mental condition, so that a proper determination could be made regarding whether the diagnosis of conversion reaction, if held to be disabling, made after her insured status had expired could have been made before December 31, 1967, but was not because her condition was overlooked at the time and proper medical evidence was not taken then concerning her mental condition.

The above mentioned point of law really represents nothing more than good common sense and we expect this much at least from attorneys representing claimants seeking relief under the Social Security Act. Plaintiff's attorney, in the case at bar, after being warned that he would be held in contempt of court for not filing his brief on time, finally submits a lackadaisical recitation of facts which in essence, represents nothing more than a half-hearted attempt to represent his client. The Court has had to protect this claimant's rights.

On May 3, 1971, the Mental Health Center of the Commonwealth of Puerto Rico stated the following in regard to this claimant's mental condition: "Due to his mental functions, we do not consider feasible the possibility of a prompt rehabilitation of the patient to allow him to engage in a remunerative work." (Tr. 144). But this claimant's mental condition was poor even before 1962. In 1961 he was hospitalized for shock treatments, (Tr. 101). In 1964, sketchy reports show this claimant's mental condition to be unusual, for lack of a better word (Tr. 106). Spotty medical records show claimant's mental condition in 1970 to be more of the same, and medicines did not seem to be doing him any good (Tr. 110).

We feel that under the circumstances, it would be proper to remand this case back to the Secretary for the taking of further medical evidence. Specifically we feel that medical examinations should be conducted to determine, if possible, whether this claimant's mental conditon had by 1962 already deteriorated to an extent which today is described by doctors as disabling. Lydia Lopez, supra.

■ A second argument advanced by the defendant herein involves a charge that evidence of employment during the period of alleged disability rebutts such an allegation. We have held, however, (and this is another point which plaintiff's attorney fails to develop in his brief), that "the mere fact that an applicant for disability benefits under the Social Security Act has worked because of necessity, does not disprove his disability and does not require denial of his

application. Pedro Ruiz v. Elliot Richardson, Secretary of Health, Education and Welfare, Civil No. 280–72, decided April 26, 1973. See also José Rodriguez v. Secretary of Health, Education and Welfare, D.C.1973, 355 F.Supp. 304. As a matter of fact, this claimant's mother stated at the hearing, that even though her son did make some money as a door-to-door salesman, he "left most of the money on the street" (Tr. 37), because he would sell on credit and then forget to collect. Such an assertion goes to this claimant's ability to carry out substantial gainful activity in a reponsible manner.

In view of the foregoing, we remand this case to the Secretary for further proceedings not inconsistent with this opinion.

It is so ordered.