**Juan MEDINA, Plaintiff,**

**v.**

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**Civ. No. 417-72.**

United States District Court,
D. Puerto Rico.

Oct. 31, 1973.

Juan F. Doval, Rio Piedras, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., San Juan, P. R., for defendant.

## ORDER

TOLEDO, District Judge.

This cause is before the Court under Section 205(g) of the Social Security Act (hereinafter the Act), as amended, Title 42, United States Code, Section 405(g), to review a final determination of the Secretary of Health, Education and Welfare (hereinafter the Secretary) denying plaintiff's application for a period of disability and disability insurance benefits. Plaintiff, who complains of pain in the left shoulder and neck and of a nervous condition, last met the necessary status requirements of the Act on December 31, 1967.

The sole issue before the Court is whether the Secretary's decision that plaintiff was not under a disability at the time when he met the insured status requirement of the Act is supported by substantial evidence. Santiago v. Secretary of Health, Education and Welfare (D.C.P.R.1971), 336 F.Supp. 1071.

It is settled law that the plaintiff has the burden of establishing that he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months, and the existence of which is demonstrated by evidence supported by objective data obtained by medically acceptable clinical and laboratory techniques, at a time when he met the insured status requirements of the Act. See Sections 216(i) and 223(d) of the Act; Reyes Robles v. Finch (1 Cir. 1969), 409 F.2d 84; Henley v. Celebrezze (3 Cir. 1969), 394 F.2d 507; Franklin v. Secretary of Health, Education and Welfare (2 Cir. 1968), 393 F.2d 640.

In the instant case, plaintiff is a 46 year old male with third grade education and limited knowledge of the English language who went unassisted by counsel to the hearing before the hearing examiner.

The records of the Department of Public Welfare of the Commonwealth of Massachusetts filed in this case, show that plaintiff was considered completely disabled because of mental incapacity (Tr. 61–67). These records, dated September 2, 1970, also state that the plaintiff will probably remain disabled for an indefinite period of time. In addition, Dr. D. Moll of the Boston University

Medical Center states that plaintiff has had pain in the left shoulder and neck for the past ten years (Tr. 56). In his report dated July 15, 1970, he also makes reference to the extreme nervousness of the plaintiff. Finally, Dr. Victoria M. Levi, Staff Psychiatrist of the Boston Maternity and Infant Care Children and Youth Project, in a report dated January 6, 1971, stated that she sees plaintiff's psychiatric troubles as chronic and disabling (Tr. 68).

The record before this Court also shows a letter dated December 22, 1971, from Central Monserrate, Inc., in which it was stated that plaintiff had to leave his job on February 16, 1966, due to dizziness, vomit and nervousness, which rendered him disabled (Tr. 85). The record likewise reflects claimant was being treated by private doctors prior to 1970. In 1967 these doctors had prescribed certain medication for the nerves. The two last mentioned pieces of evidence are all the evidence presented before this Court relating to the period before the date of December 31, 1967, which we have previously said is the date when plaintiff last met the insured status requirements of the Act.

The case of Carnevale v. Gardner (2 Cir. 1968), 393 F.2d 889, presented a situation applicable to this consideration. The plaintiff therein brought forth evidence covering the period after the date upon which he met the earning requirements of the Act. The Court of Appeals therein stated, at page 890:

"* * * is pertinent evidence in that it may disclose the severity and continuity of impairment existing before the earning requirement date or may identify additional impairments which could reasonably be presumed to have been present and to have imposed limitations as of earning requirement date. * * *."

In Gold v. Secretary of Health, Education and Welfare, 463 F.2d 38 (1972), the Court of Appeals, for the Second Circuit was confronted with a situation wherein plaintiff was found to be totally disabled eighteen months after expiration of insured status. The Court citing Carnevole admitted this evidence. The Gold case is similar to the one before us as the plaintiff was uneducated, lacked counsel and was handicapped in his control of the English language. The Gold Court said, at page 43:

"* * * in a case in which the claimant is handicapped by lack of counsel, ill health, and inability to speak English well, the courts have a duty to make a 'searching investigation' of the record. * * *."

This Court has also been confronted with a similar situation in the case of Alamo v. Richardson (D.C.P.R.1972), 355 F.Supp. 314, where we said that the extent of education, the understanding of technicalities and the absence of counsel, had prevented plaintiff from adequately presenting his claim before the Administration. We therein reiterated our position that when a claimant appears without counsel at the administrative hearing and the presence of a mental impairment is obvious, be it because it is observable by the hearing examiner (today administrative judge) or because mental evidence is presented in that respect, it is the duty of the hearing examiner to adequately explore all aspects of the case, in order to prevent that legitimate claims, such as mental impairments, could unjustly go unattended for failure to properly act upon them. We further said that by failing to make further inquiries into claimant's mental condition, when proper, the Secretary acts unfairly. Alamo at 317. See also Melendez Carrasquillo v. Secretary of Health, Education and Welfare, Memorandum Opinion and Order of March 29, 1973 in Civil No. 425–71. Accordingly, a certain degree of solicitudeness is expected from the hearing examiner in such situations. Concepción v. Secretary of Health, Education and Welfare (D.C.P.R.1971), 337 F.Supp. 899.

Similarly, we have reiterately held that if a claimant has been found to be disabled after expiration of his coverage period, as is the case here, a medical de-

termination can be made so as to ascertain whether such condition existed continuously and in the same degree for a period which would extend back to a date when the claimant did meet the special earning requirements of the Act. See e.g. Martinez v. Secretary of Health, Education and Welfare, D.C., 372 F. Supp. 402, 1973; Lydia Lopez v. Richardson, Civil No. 599–71, Order of December 21, 1972, F.Supp.; Roman v. Secretary of Health, Education and Welfare (D.C.P.R.1972), 355 F.Supp. 646.

In Roman v. Secretary of Health, Education and Welfare, supra, we dealt with a situation similar to the one at bar. The plaintiff therein met the insured status requirement up to December 31, 1967 and prior to this date, the doctors that had examined her diagnosed her mental affliction as migraine headaches coupled with visual limitation. After December 31, 1967, a psychiatrist, on the basis of the same set of symptoms, diagnosed a conversion reaction with anxiety. We remanded for the taking of further medical evidence on her mental condition, so that a proper determination could be made regarding whether the diagnosis of conversion reaction, if held to be disabling, made after her insured status had expired, could have been made before December 31, 1967.

It cannot pass unrecognized that in many instances, especially in situations where claimants have a very limited education, hardly any command of the English language and no knowledge of the intricacies and requirements proper to the administrative process, coupled with the presence of a mental impairment, whether the claimant is or is not assisted by counsel at the administrative hearing of his cause, can mean the difference between remaining uncompensated or receiving the requested benefits. In this case, it could have meant that evidence of disability prior to December 1967 may have surfaced. This is especially significant since the plaintiff herein is mentally impaired.

In addition, this Court in Torres v. Secretary of Health, Education and Welfare, 337 F.Supp. 1329, remanded the cause because we felt that the aid of an attorney was indispensable to bring out the facts the plaintiff, because of his educational background, was unable to bring out. In the instant case, we feel that the situation is even more critical as we are dealing with a plaintiff who is also mentally incapacitated. Surely an attorney would have helped clarify what the condition of the plaintiff was on or before December 1967. It has been held by this Court that when it can be shown that the affliction complained of at the time of filing existed in the same degree when claimant last met the insured status, then disability exists under the Act. Roman v. Secretary of Health, Education and Welfare, supra. Judgments, judicial or administrative, should not rest on less than all reasonably available evidence. It is not sufficient to say that the claimant did not produce all the possible evidence on his behalf when it is clear he was without counsel and unlearned. Crowder v. Gardner (D.C.S.C. 1966), 249 F.Supp. 678. It becomes more dramatic when we add that claimant suffers from a mental impairment. We are of the opinion that additional evidence may be obtained from the private doctors who treated plaintiff in 1967.

In view of the foregoing, this Court is of the opinion that "good cause" exists to remand the case to the Secretary for further hearings, Title 42, United States Code, Section 405(g).

Wherefore, the Court hereby ORDERS that the present action be remanded to the Secretary of Health, Education and Welfare with specific instructions that the complete record related to plaintiff's mental condition be developed; and it is further

Ordered that the Secretary make new findings as to the intensity of plaintiff's mental condition during the period of coverage, considering all the would-be-gathered relevant evidence, so as to determine whether the mental evidence re-

flects plaintiff was disabled on said period; and it further

Orders that the Secretary perform any and all further examination he may deem proper and consistent with this Order.

The Court also deems proper to recommend that plaintiff be assisted at the rehearing of his cause before the Secretary by his counsel appointed on the present cause.

It is so ordered.