Lester GILLISPIE, Plaintiff,

v.

Abraham RIBICOFF, Secretary of Health,
Education and Welfare, Defendant.

Civ. A. No. 1086.

United States District Court
S. D. West Virginia,
at Huntington.

May 3, 1962.

Glyn Dial Ellis, Logan, W. Va., for plaintiff.

Harry G. Camper, Jr., U. S. Atty., Huntington, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

This is an action under 42 U.S. C.A. § 405(g) of the Social Security Act to review a final decision of the Secretary of Health, Education and Welfare. Plaintiff seeks to establish a period of disability under 42 U.S.C.A. § 416(i) and a right to disability insurance benefits under 42 U.S.C.A. § 423. The final decision of the Secretary was that plaintiff was not entitled to the establishment of a period of disability or to disability insurance benefits, and the jurisdiction of this court is limited to a determination of whether that decision was based on substantial evidence. 42 U.S.C.A. § 405 (g). The court is precluded from having a hearing de novo. See Carpenter v. Flemming, D.C.N.D.W.Va., 178 F.Supp. 791.

The Act, 42 U.S.C.A. § 416(i) provides for eliminating from a person's earning

record the period during which he was under a "disability" in computing his average monthly wage upon which the amount of his benefit is based. A discussion of the elements of this statutory disability is contained in Pruitt v. Flemming, S.D.W.Va., 182 F.Supp. 159. For an individual to be eligible for the establishment of a period of disability and for disability insurance benefits, the Act requires him (besides being under a "disability" as defined) to have met the special "insured status" contained therein. With respect to this plaintiff, the special insured status requirement was that he must have had a continuous "disability" (for not less than six continuous calendar months but still continuing indefinitely at the time of the filing of his application) which began at a time when he had 20 quarters of coverage (as defined in 42 U.S.C.A. § 413) within the 40 quarter period ending with the first quarter of disability. Plaintiff met this quarters of coverage requirement on the date of his application and continued to meet it through the quarter ending March 31, 1962.

Plaintiff filed an application to establish a period of disability and for disability insurance benefits on August 22, 1960, alleging that he became unable to work on September 20, 1957, at age 47, due to a slipped disc and high blood pressure.[1] The application was denied initially and on reconsideration by the Bureau of Old-Age and Survivors Insurance after the West Virginia Vocational Rehabilitation Division had found that plaintiff was not under a disability. Plaintiff, on January 16, 1961, requested a hearing and waived his right to appear and testify at the hearing. The hearing examiner considered the case de novo on the basis of the documents submitted in evidence and, on February 28, 1961, found that plaintiff was not under a disability as defined in the Act. Plaintiff

then requested a review by the Appeals Council of the Social Security Administration on March 31, 1961, and on August 10, 1961, the Appeals Council declined to review the hearing examiner's decision. That decision thus became the "final decision" of the Secretary of Health, Education and Welfare, subject to the present judicial review.

■ The issue in this case is whether there is substantial evidence in the record to support the Secretary's decision that plaintiff did not show himself to be unable to engage in any substantial gainful activity as a direct result of a medically determinable impairment which was expected either to result in death or to be of long-continued and indefinite duration.

The primary basis for plaintiff's claimed disability is a back condition resulting from an injury sustained in a coal mine slate fall in 1956. There is a great deal of variance in the several diagnoses which have been made of plaintiff's condition. This variance indicates that the diagnoses were based principally on plaintiff's subjective complaints. This conclusion is reinforced by the objective evidence (such as X-rays and myelograms) which is consistent in failing to indicate or further substantiate the presence of any disabling condition. In this atmosphere of conflicting medical evidence, the hearing examiner chose the objective medical evidence which indicated that there was nothing basically wrong with plaintiff's spine, there being no objective medical evidence to support the subjective diagnoses of a herniated disc or a herniated nucleus pulposus. The hearing examiner, as the ultimate arbiter of conflicting evidence, was within his province in the choice he made, and his decision, being based on substantial objective evidence, may not be disturbed.

[1] Plaintiff previously had filed an application to establish a period of disability which was denied initially and on reconsideration. A hearing examiner also denied the claim after a hearing, and a request for review of his decision was denied by the Appeals Council. No appeal was taken from this decision and, therefore, that first application is not before the court in this proceeding.

Various doctors who examined plaintiff opined that he was totally disabled. The hearing examiner has the duty of carefully weighing and evaluating opinions of physicians on the ultimate fact of disability. A flat assertion by a doctor that a claimant is disabled is of little, if any, assistance in helping the hearing examiner make such an evaluation of disability within the meaning of the Act (involving consideration of many non-medical elements) especially where such an assertion is not supported by objective findings. United States v. Spaulding, 293 U.S. 498, 55 S.Ct. 86, 79 L.Ed. 646.

There is substantial evidence in the record to support the Secretary's decision. That decision is, therefore, affirmed.