Andrew **PASKOWSKI**, Plaintiff,

v.

Robert H. **FINCH**, Secretary, Department of Health, Education and Welfare, Defendant.

Civ. A. No. 69–1354.

United States District Court,
W. D. Pennsylvania.

Sept. 10, 1970.

Swope & Swope, Ebensburg, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, District Judge:

This is an action filed pursuant to Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), wherein plaintiff seeks judicial review of the decision of the Secretary of Health, Education and Welfare denying his claim filed on November 4, 1968 for disability insurance benefits and for a period of disability under §§ 223 and 216(i) of the Social Security Act, 42 U.S.C.A. §§ 423 and 416(i).

Plaintiff's application was denied by initial decision of the Bureau of Disability Insurance and upon reconsideration. A request for hearing was granted, and a hearing was conducted on October 9, 1969. The Hearing Examiner held that plaintiff was not entitled to a period of disability or disability insurance benefits. Plaintiff filed a request for review of the Hearing Examiner's decision and, on November 20, 1969, said request for review was denied by the Appeals Council. The denial by the Appeals Council became the final decision of the Secretary of Health, Education and Welfare.

A Complaint was timely filed in the United States District Court for the Western District of Pennsylvania pursuant to § 205(g), *supra.* In response, defendant filed an Answer and a certified copy of the administrative transcript. Subsequently, defendant filed a Motion for Summary Judgment. Counsel for the respective parties have filed written briefs in support of their positions on the Motion and agreed to waive oral argument. Upon review of the administrative record, the pleadings, and the briefs of counsel, the Court is compelled to grant the Motion for Summary Judgment.

Pertaining to the scope of judicial review, § 205(g), *supra,* provides as follows:

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

Under this section and § 10(e) of the Administrative Procedure Act, 5 U.S.C.A. § 706, the Court is limited to "ascertaining whether on the record as a whole there is substantial evidence to support the Secretary's findings of fact." Goldman v. Folsom, 246 F.2d 776, 778 (3d Cir. 1957).

Section 216(i) (1) (A) of the Act, as amended, 42 U.S.C.A. § 416(i) (1) (A), provides that the term "disability" means:

"* * * inability to engage in any substantial gainful activity by reason of any medical determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months * * *."

The definition of "disability" under § 223(d) of the Act, 42 U.S.C.A. § 423(d) (1) (A), as amended, is the same.

"'(T)he test for disability consists of two parts: (1) a determination of the extent of the applicant's physical or mental impairment, and (2) a determination whether that impairment results in an inability to engage in any substantial gainful activity.'" Bujnovsky v. Celebrezze, 343 F.2d 868, 870 (3d Cir. 1965); Janek v. Celebrezze, 336 F.2d 828, 833 (3d Cir. 1964).

It was the finding of the Hearing Examiner that plaintiff had mild pulmonary emphysema, possible mild arthritis of the lumbar spine and an asymptomatic gallbladder condition. While finding that these impairments may have precluded plaintiff from engaging in his former occupation in the coal mines and from other heavy work, the Hearing Examiner, nevertheless, found that plaintiff was able to engage in many forms of other employment of a light and/or sedentary nature. A re-

view of the record as a whole indicates that there is substantial evidence to support the Hearing Examiner's findings both as to the extent of plaintiff's impairment and as to whether that impairment precluded plaintiff from engaging in any substantial gainful activity.

At the time of the hearing, plaintiff was fifty-six years of age and a widower with three married children. After having completed the fifth grade, he worked for forty-three years in coal mines until May of 1968 when a chain block snapped, striking him across the chest and eyes. Plaintiff worked for two weeks following the accident, ceased work and has not sought other employment since then.

Immediately following the accident, plaintiff was treated at the Conemaugh Valley Memorial Hospital in Johnstown as an outpatient. He received shots and pills and was told to return home. In July of 1968, plaintiff was admitted to the same hospital with an abdominal pain diagnosed as gallbladder disease. Although surgery was recommended, plaintiff desired to go home and was discharged six days after admission. Having a reoccurrence of abdominal pain in August of 1969, he was readmitted to said hospital and underwent surgery for the removal of his gallbladder.

At the hearing, approximately six weeks subsequent to his hospitalization for the removal of his gallbladder, plaintiff testified that, ever since the accident in May of 1968 and despite the removal of his gallbladder, he continued to have chest and abdominal pains. He also testified to shortness of breath upon walking and a difficulty in sitting or standing for more than twenty minutes.

While plaintiff's subjective complaints are a relevant factor in determining the existence and extent of a disability within the meaning of the Act, plaintiff's impairment must be "medically determinable" and the result of "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C.A. § 423(d) (1) (A) and (d) (3). The medical evidence of record failed to support the full extent of plaintiff's complaints.

The consultative reports of three internists revealed no heart irregularities and no evidence of any injury, related to the accident or otherwise, upon which to base plaintiff's complaints of abdominal and chest pain. A slight limitation of the lumbar spine was observed. While examinations by these internists revealed the existence of pulmonary emphysema and pulmonary fibrosis, in each instance pulmonary function tests revealed that the impairment was very mild and breathing capacity not significantly impaired. One internist specifically stated in his report that plaintiff could perform practically all types of work done by a fifty-five year old man without particular respiratory distress.

Contrary to the conclusions of the aforementioned internists, plaintiff's own physician, a general practitioner, found possible arteriosclerotic heart disease and a substantial pulmonary impairment. Plaintiff's physician did not set forth the results of the ventilation studies upon which he based his conclusion that plaintiff's breathing capacity was substantially impaired. Plaintiff's physician was of the opinion that plaintiff was unable to engage in any gainful activity due to observed impairments.

Where there is a conflict in the medical evidence, the hearing examiner is the ultimate arbitrator thereof. Gillispie v. Ribicoff, 204 F.Supp. 677 (S.D. W.Va.1962). It is proper for the hearing examiner to afford greater weight to the reports of specialists who have made exhaustive tests of the claimant's condition than to the reports of general practitioners making more general observations. Bailey v. Gardner, 269 F. Supp. 100 (S.D.W.Va.1967). The reports of the three internists constituted substantial medical evidence upon which the Hearing Examiner could properly conclude that plaintiff had no heart ailment, a pulmonary impairment which was mild, a possible mild arthritis of

the lumbar spine and an asymptomatic gallbladder condition.

 The Hearing Examiner found that plaintiff's impairments "may" have precluded him from engaging in his former occupation and in any other work of a heavy or arduous nature. Although somewhat equivocal, this finding was sufficient to shift the burden to the Secretary to prove that reasonable employment opportunities were available to plaintiff. Bujnovsky v. Celebrezze, 343 F.2d 868, 871 (3d Cir. 1965).

This burden was met by the testimony of a psychologist who was engaged in vocational counseling and vocational testing and has placed, among others, disabled persons. Asked to consider the impairments of plaintiff as found by the Hearing Examiner and also a report of a psychological examination of plaintiff, the psychologist concluded that plaintiff was able to perform jobs of a light and sedentary nature, including the specific jobs of shoe inspector, shoe cleaner, shoe polisher, shoe lacer, electrical assembler, psychiatric aide in a mental hospital, and packager, all of which existed in substantial numbers within a forty-five mile radius of plaintiff's residence.

It was acknowledged by the psychologist that plaintiff's performance on the Purdue pegboard test revealed an inability to perform tasks requiring fine finger dexterity, but the psychologist was of the opinion that this would only preclude plaintiff from performing tasks with objects as small as matchsticks, perhaps excluding him from an electrical assembly job involving objects of such minute size. Also, while plaintiff's performance on the Bender-Gestalt drawing test was suggestive of impaired neurological functioning, the psychologist was of the opinion that this would not affect plaintiff's ability to perform the aforementioned jobs, deemed essentially physical in nature.

The testimony of the psychologist provided substantial evidence from which the Hearing Examiner could conclude that plaintiff's impairments did not preclude him from substantial gainful activity of a light or sedentary nature and that plaintiff, therefore, was not under a disability as defined in the Social Security Act.

The decision of the Secretary must be affirmed.

## ORDER

Now, this 10 day of September 1970, upon review of the pleadings, briefs filed by counsel, and the administrative record, the Court hereby orders that defendant's Motion for Summary Judgment be and the same is hereby granted, that the decision of the Secretary of Health, Education and Welfare be and is hereby affirmed, and that plaintiff's Complaint be and hereby is dismissed.