**Maria MARTIS, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE,
Defendant.**

Civ. No. 662–70.

United States District Court,
D. Puerto Rico.

Aug. 17, 1971.

Rafael D. Molinary, Puerto Rico Legal Services, Inc., Rio Piedras, P. R., for plaintiff.

Wally de la Rosa, Asst. U. S. Atty., San Juan, P. R., for defendant.

OPINION and ORDER

FERNANDEZ-BADILLO, District Judge.

Plaintiff Maria Martis filed this action under 42 U.S.C. § 405(g) seeking judicial review of the adverse decision rendered by the Secretary of Health, Education and Welfare on her claim for disability insurance benefits. This is a young woman with neurological ailments who worked for several years as a machine operator in a factory. She described her condition as "congenital bone abnormality in spinal column"[1] and testified that she felt a throbbing pain in the legs and back. Though the physical impairment alleged seems to be plaintiff's chief complaint, it appears from

---

1. See Application for Disability Insurance Benefits, Tr. p. 51.

the record that her mental condition is also a significant factor to be considered in determining the severity of her disability. There is scant evidence on this aspect of such condition. Counsel for claimant expressed at the hearing the difficulty of obtaining her psychiatric record and the examiner bound himself to procure such record through an employee of the Social Security Administration who would make photocopies of the same. Upon closing the record of the administrative hearing the Examiner said:

"I understand that my colleagues are interested in our receiving the report of the psychiatric material which could exist. As to the suggestion, because it is not a formal motion just a suggestion that later there could be a psychiatric consultative examination, I am going to reserve that decision until we have the documentation that we have made reference to. My colleague will receive, or the colleagues will receive a copy of the psychiatric examination and will have opportunity to comment, and at that time we'll decide if the case will be submitted as the record stands or if we'll continue with an addition[al] session." (Tr. pp. 48–49).

On April 24, 1970 the Social Security Administration allowed claimant to examine proposed Exhibit 20 certified by Carlos M. Cardona, claims representative of the Administration, as photocopies and/or extracts of the pertinent medical records of Maria Martis kept at the Rio Piedras, Puerto Rico Medical Center, Psychiatric Hospital (Tr. p. 114). Upon examining said documents plaintiff complained: "The attached evidence does not show my psychiatric condition nor does it show my psychiatrist's signature (Dr. R. Méndez). I have a psychiatric appointment every Thursday at 10:30 A.M. so, my folder must be quite extensive on my condition. The attached does not show it." [2] This Court has carefully reviewed Exhibit 20 and found several photostatic copies, mostly illegible, containing medical entries which have nothing to do with psychiatric consultations. However, as stated above Exhibit 20 is set forth in the record as copies of reports from the Puerto Rico Medical Center, Psychiatric Hospital. There is no other documentary evidence of claimant's mental condition except that in a certification made on October 28, 1969 by Dr. Manuel Marina, medical director of the University Hospital, it appears that the following disposition was given to her case:

"Darvon
Robaxisal
Psychiatric consultation."

To be sure the hearing examiner passed upon claimant's mental state. The difficulty lies in the fact that the mental factor seems to be a principal aspect of her disability claim yet the Court cannot find sufficient evidence in the record to support an adverse finding that claimant is not suffering from a mental impairment of such severity as to be considered disabling within the meaning of the Social Security Act.[3] The Court has the impression that sufficient diligence has not been exercised to secure the claimant's psychiatric record at the Psychiatric Hospital of the Medical Center. What little evidence has been compiled

---

2. It does not appear from the record that counsel for claimant was notified of Exhibit 20, notwithstanding the express offer made by the hearing examiner that counsel would receive copy of such and would have opportunity to comment on it. However, pages 120–121 of the transcript reveal that such exhibit was given to the plaintiff, whose mental condition is here at issue, to examine.

3. Despite such a finding the examiner made the following observation:
"It appears obvious from the trend of claimant's demeanor and allegations at the hearing that a psychogenic component is emerging in the absence of and in substitution of organic evidence of disability."

concerning this matter is misleading and contributes nothing to a proper evaluation of this woman's mental capacity. The record is barren except for the fact that a mental condition exists. Neither its severity or duration is touched upon. Commenting on Exhibit 20 the examiner has said:

> "Exhibit 20, consisting of photostats obtained from the psychiatric clinic subsequent to the hearing were submitted to the claimant challenges the completenes of the records; however there is no reason to conclude that in fact the psychiatric data at the Medical Center is more extensive than the scant entries shown as of March 25, 1970." (Tr. p. 11)

As discussed above such entries have nothing to do with psychiatric examinations and the corresponding data. Finally, it should be remembered that the severity and duration of a mental disorder is determined by the medical evience. "Confinement in an institution does not establish that an impairment is severe * * * release from an institution does not establish improvement." 20 C.F.R. § 404.1539. The examiner, however, noted "that the claimant ha[d] never been institutionalized for a mental or nervous condition, nor does the record indicate required psychiatric treatment."

This being the situation before the Court, it is hereby ordered and decreed that the present action be remanded to the Secretary of Health, Education and Welfare with specific instructions that a consultative psychiatric evaluation of plaintiff be made and that the complete record of the psychiatric treatment given to her at the Puerto Rico Medical Center, Psychiatric Hospital be obtained and made a part of this record. It is further ordered that legible copies be obtained of the following exhibit contained in the certified record before the Court, to wit: Pages 79, 80, 81, 84, 85, 86, 87, 91, 92, 95, 96, 97 and 98 of Exhibit 10.