Oriol TORRES, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE, Defendant.

Civ. No. 348–70.

United States District Court,
D. Puerto Rico.

Sept. 24, 1971.

Wally De La Rosa, Asst. U. S. Atty., San Juan, P. R., for plaintiff.

Frank Torres, Ponce, P. R., for defendant.

## MEMORANDUM AND ORDER

FERNANDEZ–BADILLO, District Judge.

This plaintiff is before the Court seeking review of the decision of the Secretary of Health, Education and Welfare, denying an application for disability benefits under the provisions of the Social Security Act, as amended, under 42 U.S.C.A. §§ 416(i) and 423.

Plaintiff asks the Court to decide whether, from the record as a whole, the decision of the Secretary of Health, Education and Welfare that plaintiff failed to establish that he was unable to engage in any substantial gainful activity, is supported by substantial evidence.

The pertinent applicable statutory provisions as to the definition of disability are sections 216(i) and 223 of the Social Security Act, 42 U.S.C., which state as follows:

" * * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; * * *."

Section 223(d) (2) (A) of the Act, 42 U.S.C. § 423(d) (2) (A) further provides in pertinent part:

"(A) an individual (except a widow, surviving divorced wife, or widower for purposes of section 402(e) or (f) of this title) shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." And section 223(d) (3), 42 U.S.C. § 423(d) (3) provides:

"(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

"(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."

The controversy before this Court is whether the substantial evidence supports the decision of the Secretary, that the plaintiff became "disabled" within

the meaning of the Act as of June 30, 1969.

In order for the plaintiff to be found disabled under the Social Security Act, he must have impairments which deprive him of his capacity to work to the extent that he is unable to engage in any substantial gainful activity. Reyes Robles v. Finch, 409 F.2d 84 (1 Cir., 1969); Torres v. Celebrezze, 349 F.2d 342 (1 Cir., 1965); Henry v. Gardner, 381 F.2d 191 (6 Cir., 1967), cert. denied 389 U.S. 993, 88 S.Ct. 492, 19 L.Ed.2d 487 (1967), petition for rehearing denied 389 U.S. 1060, 88 S.Ct. 797, 19 L.Ed.2d 864 (1968).

The record shows that in September 1962 the plaintiff suffered a cardiovascular accident from which he recovered sufficiently to return to his regular clerical work following several months treatment and convalescence. Medical examinations made in November 1963 and January 1964 in connection with his application for a pension from the Veterans Administration showed a mild to moderate left side hemiparesis and moderately severe hypertension with probable heart disease secondary. In May 1964 the plaintiff developed back pain and was hospitalized for three weeks. The X-rays were negative and he improved following treatment for an acute lumbar sprain. His employer's record shows that the plaintiff did not work after May 13, 1964. In July 1964 the Veterans Administration awarded him a disability pension as of May 19, 1964; and provided an income that closely approaches his average earnings in the past. Thereafter the plaintiff received medical examinations in connection with his social security disability application. A cardiac specialist examined the plaintiff in February 1965, found only mild motor weakness in the left arm and left leg and hypertensive cardiovascular disease with no heart failure, and reported that the plaintiff was able to do light work. In November 1965 a psychiatrist found no incapacitating disease and he had no problem that interfered with work he had performed previously, and an orthopedist reported in December 1965 that the plaintiff was able to perform a sedentary occupation. A vocational expert testified in October 1965 that the plaintiff could work as a school teacher, sales clerk, and payroll clerk. A hearing examiner's decision issued on February 21, 1966 holding that the plaintiff was precluded from engaging in any substantial gainful activity due to physical or mental impairments was the final decision of the Secretary and as noted supra, is res judicata, precluding further consideration by the Secretary or by this Court as to the plaintiff's disability up to the time of the hearing examiner's decision of February 21, 1966. Domozik v. Cohen, 413 F.2d 5 (3 Cir., 1969); Sangster v. Gardner, 374 F.2d 498 (6 Cir., 1967).

The plaintiff's application now before the Court alleged disability began in August 1966 and subsequently changed the onset date to September 6, 1966, to coincide with the time he was again examined by the Veterans Administration and determined to be still permanently and totally disabled. His personal physician had not seen him after July 1966.

The cardiovascular examination in September 1966 for the Veterans Administration showed an AHA class II–B heart condition [1] a category wherein

---

1. Class II. Patients with cardiac disease resulting in a slight limitation of physical activity. They are comfortable at rest. Ordinary physical activity results in fatigue, palpitation, dyspnea or anginal pain.
Class B. Patients with cardiac disease whose ordinary, physical activity need not be restricted, but who should be advised against severe or competitive physical efforts.—New York Heart Association, Nomenclature and Criteria for Diagnosis of the Heart and Blood Vessels (5th ed. 1955).

physical activity is slightly limited and severe or competitive physical effort is contraindicated. Dr. Porrata examined the plaintiff in February 1967 and he classified the heart disease as 1B. Dr. Criado concluded from an examination in March 1968 that the plaintiff's cardiovascular status allowed him to gainfully engage in a sedentary occupation. In October 1969 Dr. Gutierrez also classified the plaintiff's heart status as 1B and reported that there was no cardiac disease clinically manifested; and that a Master's test was negative. The results of the numerous examinations by heart disease specialists and their evaluations of their findings clearly evidenced the absence of a severe and disabling cardiac impairment. Wells v. Finch, 418 F.2d 1247 (4 Cir., 1969); Rome v. Finch, 409 F.2d 1329 (5 Cir., 1969); Bittel v. Finch, 313 F.Supp. 1291 (W.D. Pa., 1970); Brown v. Cohen, 297 F. Supp. 29, 33 (D.S.C., 1969).

The medical reports showed a persistent elevated blood pressure while there was no evidence of additional complications since the cardiovascular accident in 1962 from which the plaintiff recovered sufficiently to return to work. The medical findings in October 1969 continued to demonstrate that there was no significant involvement of the plaintiff's heart, eyesight, or kidney functioning. Martin v. Finch, 415 F.2d 793 (5 Cir., 1969); Brown v. Cohen, supra; Bennett v. Gardner, 257 F.Supp. 488, 492 (W.D. La., 1966).

Apart from the left side arm and leg weakness that had not prevented the plaintiff from resuming his regular work, the medical reports did not evidence a musculoskeletal dysfunction. The orthopedist's examination in March 1967 disclosed no findings to substantiate the plaintiff's complaints. It was noted that the plaintiff could walk well without the cane he was using and in July 1967 a neurologist considered the symptoms to be exaggerated. The medi-

cal evidence of record also showed there was no evidence of a herniated disc.

The plaintiff's complaint of a pain was not substantiated by the reports by various physicians who found body movements could be performed without difficulty and that there was an absence of muscle spasm, deformities, or other physical indicia usually associated with pain of a severe degree. The several medical opinions that the plaintiff was able to be occupationally engaged was additional contradiction of the presence of any severe, unremitting, and persistent type of pain. Toledo v. Secy. H.E. W., 308 F.Supp. 192 (D.P.R.1970); Lewis v. Gardner, 396 F.2d 436 (6 Cir., 1968); Dye v. Finch, 299 F.Supp. 481 (W.D.Va., 1969); Darter v. Cohen, 299 F.Supp. 473 (W.D.Va., 1969).

■ Dr. Godreau considered the plaintiff to be incapacitated for all work and had reported persistent elevated blood pressure, eyeglasses were required, difficulty in walking, frequent back pain, and a poor memory. Dr. Godreau's opinion was counter to the opinions reported by other physicians who had specialized knowledge and experience in varied fields of medicine including orthopedics, neurology, cardiovascular diseases, and psychiatry and who had carefully examined the plaintiff in their areas of competency. Dr. Godreau's opinion apparently was principally a physical observation and did not refer to the plaintiff's work background. Reyes Robles v. Finch, supra; Paskowski v. Finch, 316 F.Supp. 1050 (W.D.Pa., 1970); Bailey v. Gardner, 269 F.Supp. 100 (S.D.W.Va., 1967). Furthermore, a physician's opinion regarding disability is not determinative since it deals with the ultimate issue which was for the Secretary to decide. Martin v. Finch, supra; Jones v. Gardner, 282 F.Supp. 56 (W.D.Ark., 1966).

■ Consideration was given to the plaintiff's receipt in 1964 of an award of disability benefits by the Veterans

Administration. Such award involved the concepts and criteria of a program differing from that provided by the Social Security Act and such a determination is not controlling on the Secretary. Federal courts, including this one, have repeatedly held that little or no weight can be given such determinations for purposes of cases of this nature. Soto v. Secy. H.E.W., 308 F.Supp. 603 (D.P.R., 1970); Vega v. Secy. H.E.W., 321 F.Supp. 553 (D.P.R.1970).

■ Although it was considered that the plaintiff's impairments, either singly or in combination, were not sufficiently severe to prevent the plaintiff from engaging in work he had previously performed, it was also recognized that he would not meet the special earnings requirements for disability beyond December 31, 1969. Anticipating the possibility that the plaintiff's health would deteriorate in the future and that severe end organ damage would occur when he no longer had insured status for disability the hearing examiner determined that the plaintiff became disabled June 30, 1969 and was entitled to a period of disability and to disability insurance benefits. However, the assertion by the plaintiff that he was disabled prior to the date established is not supported by the record. The burden of proving disability rests on the plaintiff. Jacobs v. Finch, 421 F.2d 843 (9 Cir., 1970); Laws v. Celebrezze, 368 F.2d 640 (4 Cir., 1966); Harrington v. Gardner, 262 F. Supp. 288 (S.D.N.Y., 1966).

The decision of the Secretary is supported by substantial evidence and is therefore affirmed. Reyes Robles v. Finch, supra; Cross v. Finch, 427 F.2d 406 (5th Cir., 1970); Gray v. Secy. H. E.W., 421 F.2d 638 (5 Cir., 1970); Crespo v. Secy. H.E.W., 303 F.Supp. 441 (D.P.R., 1969).

It is therefore ordered that the action be and it is hereby dismissed.

It is so ordered.