**Miguel de la CRUZ, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**Civ. No. 342–70.**

United States District Court,
D. Puerto Rico.

Sept. 30, 1971.

Carmelo Davila-Martinez, Rio Piedras, P. R., for plaintiff.

Wally De La Rosa, Asst. U. S. Atty., San Juan, P. R., for defendant.

## MEMORANDUM AND ORDER

FERNANDEZ-BADILLO, District Judge.

This plaintiff is before the Court seeking review of the decision of the Secretary of Health, Education and Welfare, denying an application for the establishment of a period of disability under Section 216(i) of the Social Security Act, 42 U.S.C. § 416(i), and for disability insurance benefits, as provided by Section 223 of the Act, 42 U.S.C. § 423.

Plaintiff asks the Court to decide whether, from the record as a whole, the decision of the Secretary of Health, Education and Welfare, that plaintiff failed to establish that he was unable to engage in any substantial gainful activity, is supported by substantial evidence.

The term "disability", as it applies to this case is defined in Sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, to mean:

"(d) (1) * * *

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; * * *

"(2) * * *

"(A) an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. * * *

"(B) * * *

"(3) * * * a 'physical or mental impairment' is an impairment that re-

sults from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

Section 223(d) (5) of the Act, 42 U.S.C. § 423(d) (5), as added to the Act by Section 158(b) of Public Law 90–248, the Social Security Amendments of 1967, provided that:

"(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."

In order to be entitled to a period of disability under Section 216(i), 42 U.S.C. § 416(i), and to disability insurance benefits under Section 223 of the Act, 42 U.S.C. § 423, plaintiff had to establish that he was under a disability, as quoted above, which commenced at a time when he met the special insured status requirements of the above sections.

The only adjudicable issue before this Court in this action is whether or not the aforementioned final decision of the Secretary was supported by substantial evidence. Section 205(g), Social Security Act, 42 U.S.C. § 405(g).

 The plaintiff has the burden of proving that he was under a disability as defined by the Act, 42 U.S.C. § 416(i), Nelson v. Gardner, 386 F.2d 92 (6th Cir. 1967); Campbell v. Gardner, 370 F.2d 921 (6th Cir. 1967); May v. Gardner, 362 F.2d 616 (6th Cir. 1966); Smith v. Gardner, 361 F.2d 822 (6th Cir. 1966); Underwood v. Ribicoff, 298 F.2d 850 (4 Cir. 1962), although this burden need not be carried beyond a reasonable doubt. Thomas v. Celebrezze, 331 F.2d 541 (4 Cir. 1964). The Secretary does not have the burden of making an initial showing of nondisability. Justice v. Gardner, 360 F.2d 998 (6 Cir. 1966). It is also clear that the mere presence of a disease or impairment is not in and of itself disabling, but it must be shown that the disease or impairment causes functional limitations which preclude plaintiff from engaging in substantial gainful activity.

Robles v. Finch, 409 F.2d 84 (1 Cir. 1969), Gotshaw v. Ribicoff, 307 F.2d 840 (4 Cir. 1962); Crespo v. Secy of HEW, 303 F.Supp. 441 (D.P.R., 1969).

After a full and careful analysis of the record, this Court can only come to one conclusion, which is, that the decision of the Secretary is supported by substantial evidence. The Court will not alter a determination of the Secretary if, as in this case, the findings of the hearing examiner are supported by substantial evidence in the record as a whole.

Plaintiff is not, therefore, under a disability for Social Security benefits purposes.

It is therefore ordered that the action be and it is hereby dismissed.