**Francisca de JESUS FARIA, Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 275–69.**

United States District Court, D. Puerto Rico.

Oct. 18, 1971.

Rafael Escudero Bonilla, Hato Rey, P. R., for plaintiff.

Julio Morales Sánchez, U. S. Atty., San Juan, P. R., for defendant.

## MEMORANDUM AND ORDER

TOLEDO, District Judge.

Plaintiff is before the Court seeking review of a decision of the Secretary of Health, Education and Welfare, denying her application for disability insurance benefits under the provisions of the Social Security Act, as amended, under Sections 216(i) and 223(d), Title 42, United States Code, Sections 416(i) and 423(d).

Plaintiff is a housewife and sewing machine operator who filed, on March 25, 1968, with the Social Security Administration, a claim for disability insurance benefits. She claimed a disability due to a back injury and a herniated disc.[1]

Plaintiff meets the special insured status requirements through the quarter ending on September 30, 1972. Therefore, on the basis of her application of March 25, 1968, plaintiff must establish that she was under a disability [2] which commenced prior to February 7, 1969, when the final decision of the Secretary was entered by the Appeals Council.

The only issue before this Court is whether the decision of the Secretary of Health, Education and Welfare, that plaintiff failed to establish that she was unable to engage in any substantial gainful activity, is supported by substantial evidence from the record as a whole.

The term "disability", as it applies to this case, is defined in Sections 216(i) and 223(d) of the Social Security Act, as amended, Title 42 U.S.C., Sections 416(i) and 423(d) to mean in part:

"(d) (1) The term 'disability' means—

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; * * *

(2) For purposes of paragraph (1) (A)—

(A) An individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. * * *

(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

In order to be entitled to a period of disability under Section 216(i) of the Act, Title 42, U.S.C., Section 416(i), and to disability insurance benefits under Section 223(d) of the Act, Title 42, U. S.C., Section 423(d), plaintiff had to establish that she was under a disability, as quoted above, which commenced at a time when she met the special insured status requirements of the above sections.

■■ The plaintiff has the burden of proving that she was under a disability as defined by the Act, Title 42, U.S. C., Section 416(i), Nelson v. Gardner, 386 F.2d 92, (6 Cir. 1967); Campbell v. Gardner, 370 F.2d 921, (6 Cir. 1967);

---

[1] In a letter dated September 17, 1968, the plaintiff, when requesting a hearing before a hearing examiner for a reconsideration of her application in the Administration, in addition to the claim of back injury, expressed she had poor vision and that she suffered from bronchial asthma.

[2] Plaintiff must establish that she suffers an impairment of such a magnitude as to render her disabled within the meaning of the Act.

May v. Gardner, 362 F.2d 616, (6 Cir. 1966); Smith v. Gardner, 361 F.2d 822, (6 Cir. 1966); Underwood v. Ribicoff, 298 F.2d 850 (4 Cir. 1962); although this burden need not be carried beyond a reasonable doubt. Thomas v. Celebrezze, 331 F.2d 541, (4 Cir. 1964). The Secretary does not have the burden of making an initial showing of nondisability. Justice v. Gardner, 360 F.2d 998, (6 Cir. 1966). It is also clear that the mere presence of a disease or impairment is not in and of itself disabling, but it must be shown that the disease or impairment causes functional limitations which preclude plaintiff from engaging in substantial gainful activity. Reyes Robles v. Finch, 409 F.2d 84, (1 Cir. 1969); Crespo v. Secy. H. E. W., 303 F. Supp. 441, (D.P.R., 1969); Gotshaw v. Ribicoff, 307 F.2d 840, (4 Cir. 1962).

The medical evidence in record shows that plaintiff received treatment for back pain and bronchial asthma late in 1967 and 1968. Plaintiff has not been restricted from engaging in physical activities. In the opinion of the examining physician, Dr. Raúl Roura, plaintiff has minor osteoarthritis complaints that should not prevent her to engage in a "normal amount of walking, stopping, bending, lifting, sitting and squatting."

Plaintiff brought forth no evidence in support of her allegation of poor vision. She stated at the time of the hearing, on November 21, 1968, that she was able to read newspapers and magazines with glasses. It is apparent that plaintiff has sufficient useful vision to engage in productive work.

The medical evidence of record discloses no severe pathology and no marked limitation of function stemming from any of the other impairments the plaintiff expressed posterior to the filing of her application in the Administration.

Plaintiff has failed to establish that she has any impairment or combination of such, that prevent her from returning to work. After a full and careful analysis of the record, this Court concludes that the medical findings substantially support the Secretary's decision that plaintiff's impairments do not limit her functional capacity so as to make her disabled within the meaning of the Act.

The Court will not alter a determination of the Secretary of Health, Education and Welfare if, as in this case, the findings of the hearing examiner are supported by substantial evidence from the record as a whole.

Wherefore, it is ordered, adjudged and decreed, that the complaint filed by the plaintiff be and is hereby dismissed on the aforementioned grounds.

It is so ordered.