Saturnina de **LEON**, Plaintiff,

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE,**
Defendant.

**Civ. No. 950-70.**

United States District Court,
D. Puerto Rico.

Feb. 10, 1972.

Henry Schmer, Gutierrez & Schmer, Hato Rey, P. R., for plaintiff.

Wally de la Rosa, Asst. U. S. Atty., Dept. of Justice, San Juan, P. R., for defendant.

## OPINION AND ORDER

FERNÁNDEZ-BADILLO, District Judge.

Plaintiff has initiated this action for review of the decision of the Secretary of Health, Education and Welfare denying her claim for disability insurance benefits under the Social Security Act. She is a 54-year old woman with an eighth grade education and work experience in factory assembly line beginning in 1951 and ending in 1968. A disabling heart condition is alleged in her application of June 10, 1969. The hearing examiner stated in his opinion that:

> "An evaluation of the medical evidence is indicative of the fact although the claimant does have high blood pressure which at times is markedly elevated, at other times it becomes almost normal, and in all probability its elevation is caused by an anxiety crises, but the claimant denies any mental impairment although she appears nervous and anxious in her conduct, and has been described as having an anxiety state."

There is no doubt that claimant admitted she was not receiving psychiatric treatment and that there was "no history of mental illness in the family." However, this can hardly be taken as indicative of the non-existence of a mental condition. Passing reference is made repeatedly through-out the record of her emotional state but no medical report which probed into this aspect was considered. Upon presenting the vocational expert with a hypothet of claimant's condition the examiner observed that "she has suffered from moderate to severe hypertension" and that "she does suffer from an anxiety state as evidenced here she's nervous and anxious in her conduct" (Tr. p. 41). Reports of disability interviews describe her as looking "very depressed and sad" (Tr. pp. 57, 61). Dr. Zenón Rivera Biascoechea, an internist with subspecialty in cardiology, whose diagnose was hypertension anxiety state and loss of consciousness commented in his report:

> "She is very nervous and anxious. She complains that at times she loses consciousness, but there is no definite history of convulsive seizures. She has never been seen by a physician or taken to a hospital during one episode. It can be of emotional origin" (Tr. pp. 77–78).

Finally, neurologist Iván Pérez Nazario who examined claimant on July 8, 1970 and reported no neurological difficulties specifically recommended that a psychiatric evaluation be made.

■■ No such evaluation is found in the record. This claimant appeared without counsel at the administrative hearing held before the examiner. The mental aspect which is repeatedly mentioned has been dismissed by the examiner without relevant inquiry into the same. This Court is aware that the

burden of proving a disability rests upon the Social Security claimant and that he does not have a right to counsel at the hearing. This, notwithstanding, the examiner has the duty to explore all aspects of a claim before him where the applicant is unassisted by counsel. Otherwise, legitimate claims such as mental impairments could unjustly go unattended for failure to properly act upon them. No qualified physician ever looked into this aspect of plaintiff's claim although repeated mention is made of it. A *consultative* examination was made by a neurologist, Dr. Pérez Nazario, whose sole recommendation was that of a psychiatric evaluation. There appears no reason to justify why a consultative examination of plaintiff was not made to determine the psychiatric factors in her clinical picture.

Accordingly, this action is hereby remanded to the Secretary of Health, Education and Welfare for further proceedings in order to receive additional medical evidence concerning Saturnina de Leon's mental state. Finally, any determination made after remand should consider the effect of the mental condition, if any, on the physical impairments reported before.