**Gumersinda ROMAN, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**Civ. No. 633–69.**

United States District Court, D. Puerto Rico.

Nov. 15, 1972.

José A. Rivera Mercado, Hato Rey, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., for defendant.

## MEMORANDUM OPINION AND ORDER

TOLEDO, District Judge.

This civil action is brought by Gumersinda Román pursuant to Section 205(g) of the Social Security Act (hereinafter called the Act), Title 42, United States Code, Section 405(g), seeking judicial review of a final decision of the Secretary of Health, Education and Welfare (hereinafter named the Secretary), rendered on August 14, 1969, holding that she is not entitled to any period of disability under Section 216(i) of the Act, Title 42, United States Code, Section 416 (i) and disability insurance benefits under Section 223 of the Act, Title 42, United States Code, Section 423.

Plaintiff, born on January 7, 1918, alleged that she became unable to work on February 1963, because of headaches accompanied by dizziness and stiffening of the extremities.

The administrative record before the Court reflects that plaintiff filed with the Social Security Administration applications to establish a period of disability and for disability benefits on October 19, 1965[1] and April 10, 1968,

---

1. On the application filed by plaintiff before the Social Security Administration on October 19, 1965, she alleged she became disabled due to a visual condition on February 1963. This claim was disallowed and the disallowance was notified to her on April 6, 1966. It is on her second application, filed on April 10, 1968, the one

claiming that she first became unable to work because of her impairment in February 1963. The Administration disallowed both of her applications, on the ground that her impairments were not of sufficient severity to prevent her from engaging in any substantial gainful activity. Notice of the last disallowance was given to the plaintiff by letter dated July 15, 1968. Plaintiff requested a reconsideration on August 28, 1968. The Administration reconsidered her last application and affirmed its disallowance. Notice of the disallowance was given to the plaintiff by letter of February 7, 1969. She disagreed with the Administration's reconsidered determination and requested a hearing. The hearing was held on June 4, 1969 and the hearing examiner entered its decision on July 23, 1969.

■ Plaintiff meets the insured status requirements through the quarter ending December 31, 1967. Therefore, on the basis of her application of April 10, 1968, plaintiff must establish that she was under a disability which commenced prior to December 31, 1967, when she last met the special insured status requirements.

The statutory scheme of judicial review being limited in nature, this Court is bound to ascertain only whether the record contains substantial evidence to support the Secretary's findings. Rosario v. Secretary of Health, Education & Welfare (D.C.P.R.1971), 324 F.Supp. 1321.

As a result of the claims made by the plaintiff, she has been examined by ophthalmologists, neurologists, radiologists and general practitioners, all of whom have performed various tests and analyses and have been unable to determine precisely the cause of plaintiff's sickness. The only physical impairments found were headaches (migraine) and visual limitations.

Plaintiff on its brief in reply to defendant's brief in support of answer to the complaint states that at no time was she examined by a psychiatrist to determine if she was suffering from a psychosomatic affliction or from some other emotional or psychiatric condition such as a conversion reaction.[2] A review of the transcript of the entire record of proceedings related to the application of the plaintiff before the Social Security Administration reflects that mention was made to plaintiff's mental condition. The hearing examiner on the date of the hearing before him, mentioned he was to be sent by plaintiff, after said hearing, a report on her from a Mental Health Clinic (Tr. 29). The mentioned report which is included in the transcript of record before the Social Security Administration, consists of a certification from Dr. José A. Román Toledo, a clinical physician at the Mental Health Center in Arecibo, Puerto Rico. Said certification signed on July 7, 1969, states that plaintiff is receiving treatment in the Center since September 30, 1968; that on the last mentioned date she showed nervousness, headaches, muscle contractures in left side of body, dizziness, insomnia and in some occasions— she states—blindness; and that the diagnostic impression was that plaintiff suffers from conversion reaction with anxiety (Tr. 99–100). The hearing examiner's decision of July 23, 1969, refers to the report of Dr. José A. Román Toledo and its contents (Tr. 10): and on its findings the hearing examiner's decision states the following:

"2. The claimant's principal impairment on December 31, 1967, was that of migraine headaches which re-

---

under our consideration, that she claims she became unable to work on February 1963 due to headaches accompanied by dizziness and stiffening of the extremities.

2. Conversion reaction is a freudian term for the process by which emotions become transformed into physical manifestations. Dorlands Medical Dictionary. In psychiatry, the process whereby a suppressed emotion, specially an emotional conflict, is transformed into a physical disabilty. Schmidt's Attorney's Dictionary of Medicine.

sponded to medication; since September 1968, she has been treated for conversion reaction with anxiety".

No further inquiry, at the administrative level, on plaintiff's mental condition is found in the transcript of proceedings before this Court.

Defendant submits that plaintiff failed to establish that she had physical or mental impairments, or a combination of impairments that would prevent her from engaging in substantial gainful activity, thus failing to prove that she is entitled to benefits. We cannot agree with said assertion.

Defendant also submits that the burden of proof is not on the Secretary to make an initial showing of nondisability to perform a job: Justice v. Gardner (6 Cir. 1966), 360 F.2d 998; de la Cruz v. Secretary of Health, Education & Welfare (D.C.P.R.1971), 331 F.Supp. 522, 524; de Jesus Faria v. Finch (D.C.P.R. 1971), 336 F.Supp. 1069; but that the burden is upon plaintiff to prove she is entitled to the benefits of the Act. Whitt v. Gardner (6 Cir. 1968), 389 F.2d 906; Torres v. Secretary of Health, Education & Welfare (D.C.P.R.1971), 333 F.Supp. 676.

We are of the opinion that the above stated rule, even though being very convenient for the expediency of process on the administrative level, should be applied with caution in cases like the one before us. We have before us an indigent plaintiff (the record reflects her sole income is $12.50 a month which she receives from Welfare), who lacks adequate schooling (plaintiff has third grade grammar school), who seems to suffer from a mental condition (diagnosed on September 30, 1968 as conversion reaction with anxiety) and who was not represented or assisted by counsel at the Administrative proceedings. In Leon v. Secretary of Health, Education & Welfare (D.C.P.R.1971), 337 F.Supp. 905, we dealt with a situation similar to the present one. In said cause, plaintiff's mental condition was repeatedly mentioned at the administrative level but no examination of plaintiff was made in order to determine her mental condition. We, therein, remanded the case in order that the Administration could receive additional evidence concerning plaintiff's mental condition. With regard to the rule herein asserted by the defendant, we, in Leon v. Secretary of Health, Education & Welfare, supra, stated, at pages 906–907, the following:

" * * * This claimant appeared without counsel at the administrative hearing held before the examiner. The mental aspect which is repeatedly mentioned has been dismissed by the examiner without relevant inquiry into the same. *This Court is aware that the burden of proving a disability rests upon the Social Security claimant* and that he does not have a right to counsel at the hearing. *This, notwithstanding, the examiner has the duty to explore all aspects of a claim before him when the applicant is unassisted by counsel.* Otherwise, legitimate claims such as mental impairments could unjustly go unattended for failure to properly act upon them. * * *." (Emphasis supplied by this Court).

We are of the opinion that in this case, the examiner did not "explore all aspects of the claim". It appears to us that, though the physical impairments alleged by the plaintiff are her main complaint, the record shows that her mental condition is also a significant factor in determining the severity of her disability. Martis v. Secretary of Health, Education & Welfare (D.C.P.R. 1971), 329 F.Supp. 100.

The evidence in the record under review, in relation to the mental condition of plaintiff, is insufficient for us to conclude that the record contains substantial evidence to support the Secretary's findings. Rosario v. Secretary of Health, Education & Welfare, supra. Although the medical certificate of Dr. José A. Román Toledo, in relation to plaintiff's treatment in the Mental Health Clinic in Arecibo, states that

plaintiff has been under treatment at said Center since September 30, 1968, and plaintiff herein must establish that she was under a disability which commenced prior to December 31, 1967, when she last met the special insured status requirements, the record before us is insufficient to rule out her mental disability was not present before she last met her insured status. It is important to notice that her mental condition diagnosed on September 30, 1968, as conversion reaction with anxiety, was reflected on said date by nervousness, headaches, muscle contractures on the left side of the body, dizziness, insomnia and in some occasions—she stated—blindness, and that her claim at the time she filed her second application for disability insurance benefits on April 10, 1968, stated she suffered from headaches, accompanied by dizziness and stiffening of all extremities since February 1963; as well as that her first claim before the Administration mentioned the visual problems she allegedly suffers.

Wherefore, we are of the opinion that further inquiry upon plaintiff's mental condition is proper and necessary in order to determine if she suffers from a mental impairment that will enable her to qualify for a period of disability and for disability insurance benefits.

In view of the foregoing, this Court finds there is good cause to remand under Section 205(g) of the Act, Title 42, United States Code, Section 405(g) and the Court, accordingly, hereby

Orders, adjudges and decrees, that the present action be remanded to the Secretary of Health, Education & Welfare with specific instructions that a consultative psychiatric evaluation of plaintiff be made and that the complete psychiatric record of plaintiff at the Mental Health Center in Arecibo, Puerto Rico, or any other mental institution where she may have been treated, be obtained and made part of this record, Martis v. Secretary of Health, Education & Welfare, supra; and it is further

Ordered, adjudged and decreed, that any determination made after remand should consider the effect of the mental condition, if any, on the physical impairments reported before. Leon v. Secretary of Health, Education & Welfare, supra; and it is further

Ordered, that the Social Security Administration carry out any other further proceeding they may deem proper, consistent with this memorandum opinion.

The Court deems also proper to recommend that plaintiff be assisted at the rehearing of her case before the Administration by her appointed counsel on the present cause.

It is so ordered.