Modesto Montañez ALAMO, Plaintiff,

v.

Elliot RICHARDSON, Secretary of
Health, Education and Welfare,
Defendant.

Civ. No. 921–70.

United States District Court,
D. Puerto Rico.

Dec. 22, 1972.

James A. Toro, San Juan, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., for defendant.

TOLEDO, District Judge.

## ORDER

This is an action brought by plaintiff pursuant to Section 205(g) of the Social Security Act (hereinafter called the Act), Title 42, United States Code, Section 405(g), seeking a judicial review of a final decision of the Secretary of Health, Education and Welfare (hereinafter named the Secretary), holding that he is not entitled to a period of disability and to disability insurance benefits, under Sections 216(i) and 223 of the Act, Title 42, United States Code, Sections 416(i) and 423.

· Plaintiff, a 55 year old man with first grade education, alleged before the Secretary that he became unable to work in 1962, due to impaired discs and arthritis.[1]

The Secretary determined plaintiff met the special earnings requirements at the date he alleged his impairments originated,[2] but found he was not disabled within the meaning of the Act.

All of the administrative remedies were exhausted when the decision of the hearing examiner became the final decision of the Secretary, once the Appeals Council, on September 4, 1970, approved said decision.

■ The statutory scheme of judicial review being limited in nature, this Court is bound to ascertain only whether the record contains substantial evidence to support the Secretary's findings. Santiago v. Secretary of Health, Education and Welfare (D.C.P.R.1971), 336 F.Supp. 1071; Rosario v. Secretary of Health, Education and Welfare (D.C.P. R.1971), 324 F.Supp. 1321.

The plaintiff asserts he has been unable to work since 1962, with the exception of 2 or 3 days in 1965 (when he worked only four hours); that the record before the Court is less than impartial, occasioned principally by the absence of a counsel to represent him before the Secretary; and that the said absence of counsel representation has prevented him from meeting his evidentiary burden and properly presenting his case before the Secretary. Plaintiff also asserts that the hearing examiner committed abuse of discretion and, hence, reversible error, for he failed to act as an impartial arbitrator, seeing that all relevant facts were fully developed during the course of the hearing. Lastly, plaintiff contends that the hearing examiner's decision was not based on substantial evidence, for exclusion was made of some documentary evidence plaintiff intended to introduce at the hearing; for

---

1. The record before the Court reveals plaintiff has been receiving psychiatric treatment at the Caguas Mental Health Clinic since September 9, 1969, but no mention is made as to the onset date of the mental impairment, the diagnosis and prognosis, etc.

2. Plaintiff met the earnings requirement through the quarter ending March 31, 1965. Therefore, on the basis of his applications of November 28, 1967, plaintiff must establish that he was under a disability which commenced prior to March 31, 1965, when he last met the special insured status requirements.

the hearing examiner made misleading unqualified findings of facts regarding his education and ability to read, count, give change and solve simple arithmetic problems without any foundation on the record; for the hearing examiner has concluded he had no significant mental impairment on or before March 31, 1965, based on a document which merely specifies the date he began to receive treatment (see note 1); and for the hearing examiner found he was able to do his prior job on or before March 31, 1965, when the record show the contrary.

Plaintiff submits that the hearing examiner's failure to explore the facts adequately, as well as his making findings of fact which are clearly unsubstantiated by any evidence taking the record as a whole, constitutes reversible error, thereby entitling him to judgment in his favor. In the alternative, plaintiff requests the Court to remand the cause to the Secretary for a rehearing, where he would present evidence that will establish his physical and mental condition during the critical period in which he last met the earnings requirements (see note 2); at which rehearing, he will be represented by his appointed counsel, for this cause.

It is defendant's basic position that the only medical evidence relating to the period during which plaintiff was insured for disability purposes is a report from the Puerto Rico Industrial Commission dated April 17, 1963, and that the remaining medical evidence relates to examinations made after March 31, 1965, when plaintiff's insured status expired. Defendant adds that the pertinent medical evidence, when considered with the non-medical evidence, fails to satisfy the disability requirements of the law; that is, that said evidence fails to establish that plaintiff is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; and which can be dem-

onstrated by evidence supported by objective data obtained by medically acceptable clinical and laboratory techniques. With respect to the medical evidence subsequent to the date plaintiff last met the insured status requirements, defendant contends that said evidence does not entitle plaintiff to disability benefits, for at most, it can reflect that plaintiff's impairment reached disabling severity after the expiration of his insured status, and that for said reason, is not relevant, even though the impairment itself may have existed before plaintiff's insured status. In relation to plaintiff's lack of legal representation at the hearing before the hearing examiner, it alleges that it is no ground for remand; that plaintiff was notified of his right to be represented by counsel, thus afforded due process by the defendant, but apparently, chose to proceed with the hearing without counsel; and that plaintiff has failed to show that he was prejudiced or that the proceedings were unfair. Finally, defendant asserts there was no abuse of discretion in the hearing examiner's development of the evidence.

■ Although we are aware that the burden is upon the plaintiff to prove he is entitled to the benefits of the Act, Reyes Robles v. Finch (1 Cir. 1969), 409 F.2d 84; De Jesús Faría v. Finch (D. C.P.R.1971), 336 F.Supp. 1069; Torres v. Secretary of Health, Education and Welfare (D.C.P.R.1971), 333 F.Supp. 676, and not upon the Secretary to make an initial showing of nondisability to perform a job, De Jesús Faría v. Finch, supra; de la Cruz v. Secretary of Health, Education and Welfare (D.C.P. R.1971), 331 F.Supp. 522, we are of the opinion that said rules, even though being very convenient for the expediency of process on the administrative level, should be applied with caution in cases like the one before us. Román v. Secretary of Health, Education and Welfare (D.C.P.R.1972), 355 F.Supp. 646 (Memorandum Opinion and Order of November 15, 1972). We have before us a plaintiff with only first grade education,

who can hardly understand the administrative process before the defendant, who was the subject of a hearing which, although held in the Spanish language, was in our opinion, too technical for him to fully understand, especially being him at the time of the hearing under treatment for a mental condition and not represented or assisted by counsel.

■ In Leon v. Secretary of Health, Education and Welfare (D.C.P.R.1971), 337 F.Supp. 905, we dealt with a situation similar to the present one. Likewise, in Román v. Secretary of Health, Education and Welfare, supra. In this respect, it suffices to say that when a claimant appears without counsel at the administrative hearing and the presence of a mental impairment is obvious, be it because it is observable by the hearing examiner or because medical evidence is presented in that respect, it is the duty of the hearing examiner to adequately explore all aspects of the claim before him. Otherwise, legitimate claims, such as mental impairments, could unjustly go unattended for failure to properly act upon them.

■ We are of the opinion that in this case the hearing examiner failed to adequately explore all aspects of the claim. It appears to us that although the physical impairments alleged by the plaintiff are his main complaint, the record shows that his mental condition may be a significant factor in determining the severity of his disability. Román v. Secretary of Health, Education and Welfare, supra.

■ The evidence in record before us, in relation to the mental condition of plaintiff, is insufficient for us to conclude that the record contains substantial evidence to support the findings of the Secretary (see Note 1). Likewise, it is our opinion that in view of the factors we previously mentioned, this plaintiff may have been prevented from adequately presenting his claim before the Secretary. Moreover, plaintiff has satisfied us that with representation of counsel at the rehearing, new medical evidence and a better case will be presented. Toledo v. Secretary of Health, Education and Welfare (1 Cir. 1971), 435 F.2d 1297. Furthermore, by failing to adequately inquire about plaintiff's mental condition, defendant has acted unfairly. Toledo v. Secretary of Health, Education and Welfare, supra; Torres v. Secretary of Health, Education and Welfare (D.C.P.R.1971), 337 F.Supp. 1329.

In view of the foregoing, we are of the opinion that a rehearing to further inquire into plaintiff's physical and mental impairments is proper and necessary, at which time the plaintiff is to be assisted by counsel.

Wherefore, this Court finds there is good cause to remand under Section 205(g) of the Act, Title 42, United States Code, Section 405(g), and the Court, accordingly, hereby

Orders, adjudges and decrees, that the present action be remanded to the Secretary of Health, Education and Welfare, with specific instructions that the complete psychiatric record of the plaintiff be made available and made part of the record; that a consultative psychiatric examination be made if necessary to clearly establish whether the mental impairment constitutes a disability as defined by the Act at the time plaintiff last met the insured status requirements; that any necessary and appropriate examinations with regard to his physical impairments be made; and that the defendant carry out any other further proceeding they may deem proper consistent with this memorandum opinion.

The Court also deems proper to recommend that plaintiff be assisted at the rehearing by his appointed counsel on this cause.

It is so ordered.