Aida DIAZ, Plaintiff,

v.

**SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE,**
Defendant.

Civ. No. 751–72.

United States District Court,
D. Puerto Rico.

Nov. 22, 1973.

Carmelo Avila Trujillo, Santurce, P.
R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., San Juan, P. R., for defendant.

## ORDER

TOLEDO, Chief Judge.

This is an action brought by Aida Diaz pursuant to Section 205(g) of the Social Security Act (hereinafter referred to as the Act), Title 42, United States Code, Section 405(g), seeking judicial review of a final decision of the Secretary of Health, Education and Welfare (hereinafter referred to as the Secretary), holding that she was not entitled to a period of disability under Section 216(i) of the Act, Title 42, United States Code, Section 416(i) and disability insurance benefits under Section 223 of the Act, Title 42, United States Code, Section 423. Mrs. Diaz met the statutory insurance requirements up to September 30, 1969.

Plaintiff, a 43 year old woman with only a fifth grade education, a few years of experience at a blouse factory, and no understanding of the English language filed an application for disability insurance benefits on June 16, 1971, alleging that on July 2, 1966, while she was working at a blouse factory, she suffered a nervous breakdown which has disabled her to engage in gainful work. She complained of dizziness, pain in the legs and waist, fatigue, episodes of falling, restlessness, and rapid heart beat. The application was denied originally and on reconsideration. Upon request, a hearing was held on April 18, 1972, and the hearing examiner's decision disallowing the claim was later affirmed by the Appeals Council.

■ The statutory scheme of judicial review being limited in nature, this Court is bound to ascertain only whether the record contains substantial evidence to support the Secretary's findings, Alamo v. Richardson (D.C.P.R.1972), 355 F.Supp. 314; Santiago v. Secretary of Health, Education and Welfare (D.C.P.R.1971), 336 F.Supp. 1071; Rosario v. Secretary of Health, Education and Welfare (D.C.P.R.1971), 324 F.Supp. 1321.

The evidence presented at the hearing consisted of medical notes from the Puerto Rico Medical Center and Caguas Mental Health Center, and testimony offered at the hearing by Mrs. Ramos, a friend of the plaintiff, and herself.

The medical notes established that plaintiff had been receiving treatment for her nervous condition since 1969 and that various tranquilizers had been continuously prescribed. No medical evidence was presented in relation to the nervous breakdown which was alleged to be the onset of the disability.

Mrs. Ramos testified that she had known the plaintiff for 6 or 7 years and that she had helped her relatives when in 1971 plaintiff suffered a severe nervous crisis which kept her in bed sleeping under the effect of pills and injections for almost a week. She also stated that her nervous ailments had been the same from the time they met.

Since plaintiff met the statutory insured requirements through September 30, 1969, she had to establish a disability period beginning on or prior to that date. The hearing examiner concluded that according to the medical evidence and testimony presented, plaintiff was not disabled within the meaning of the Act during any time prior to September 30, 1969. In relation to the 1971 crisis, he stated that "although it is probably true that claimant was incapacitated during periods after January 1971 . . ., impairments which occurred after the crucial date of September 30, 1969, may not be used to establish a disability within the meaning of the Law and Regulations." (Tr. 9).

■ The hearing examiner's transcript shows that the investigation conducted by the hearing examiner did not explore carefully into the nervous breakdown suffered by plaintiff in 1966, the alleged onset of the disability. This Court has repeatedly said that even though the burden of proving a disability rests on social security claimant and he does not have right to counsel at the hearing, when such a claimant appears

without counsel at the administrative hearing and the presence of a mental impairment is obvious, be it because it is observable by the hearing examiner (today administrative judge) or because mental evidence is presented in that respect, it is the duty of the hearing examiner to adequately explore all aspects of the case in order to prevent that legitimate claims such as mental impairments, could unjustly go unattended for failure to properly act upon them. We have also said that when the hearing examiner fails to make the mentioned further inquiries into claimant's mental condition, he acts unfairly. See e.g. Alamo v. Richardson (D.C.P.R.1972), 355 F.Supp. 314, 317; Juan Medina v. Secretary of Health, Education and Welfare (Order of October 31, 1973 in Civil No. 417–72), 372 F.Supp. 465.

■ Having the hearing examiner concluded as he did, that plaintiff probably was incapacitated in 1971, and after hearing Mrs. Ramos testify that Mrs. Diaz had been the same during the time she had known her (Tr. 26), it was his duty to inquire more carefully into plaintiff's ailment. This Court has recently held that if a claimant has been found to be disabled after the expiration of his coverage period, a medical determination can be made to see whether such a condition existed continuously and in the same degree for a period which would extend back to a date when the claimant did meet the special earnings requirements of the Act. Martinez v. Secretary of Health, Education and Welfare, Civil No. 107–72, Order of July 3, 1973, 372 F.Supp. 402; Lydia Lopez v. Richardson, Secretary of Health, Education and Welfare, Civil No. 599–71, decided December 21, 1972. See also Juan Medina v. Secretary of Health, Education and Welfare, supra and Roman v. Secretary of Health, Education and Welfare (D.C.P.R.1972), 355 F.Supp. 646.

We have recently expressed that it cannot pass unrecognized that in many instances, specially in situations where a claimant' has a very limited education,

hardly any command of the English language and no knowledge of the intricacies and requirements proper to the administrative process, complied with the presence of a mental impairment, whether the claimant is or is not assisted by counsel at the administrative hearing of his cause, can mean the difference between remaining uncompensated or receiving the requested benefits. See Juan Medina v. Secretary of Health, Education and Welfare, supra. We have also said that the rule that the Secretary does not have the burden of proving nondisability to perform a job and that the burden is on claimant to prove entitlement to disability benefits is to be applied with caution, specially in a case involving an indigent claimant who lacks adequate schooling, suffers from mental condition and was not represented or assisted by counsel at the administrative proceedings. Roman v. Secretary of Health, Education and Welfare, supra.

■ Besides failing to explore adequately all of plaintiff's allegations, the hearing examiner limited plaintiff's testimony at the hearing by telling her to answer exactly what he asked (Tr. 21). This Court expects a certain degree of solicitousness from the hearing examiner when a claimant is not aided by counsel. de Leon v. Secretary of Health, Education and Welfare (D.C.P.R.1972), 337 F.Supp. 905. Unfortunately, the hearing examiner failed to do this. Under the circumstances of this case had the hearing examiner been more solicitous it could have meant that adequate and sufficient evidence of disability prior to September 30, 1969, may have surfaced. This is specially significant, since plaintiff is mentally impaired.

■ In Torres v. Secretary of Health, Education and Welfare (D.C.P.R.1971), 337 F.Supp. 1329, this Court remanded the cause because we felt that the advice of counsel was indispensable in order to present all the aspects of plaintiff's claim, since it was an unreasonable burden upon a plaintiff with limited educational background. This principle ap-

plies with greater force to a case like the one before us where plaintiff is also mentally impaired and has no knowledge of the technicalities of the administrative proceedings. We are sure that the assistance of counsel would have been very helpful in bringing out the necessary facts to establish whether plaintiff's condition in 1971 existed in the same degree in 1969 when she last met the special earnings requirements of the Act. See also Juan Medina v. Secretary of Health, Education and Welfare, supra.

In view of the fact that this Court lacks enough evidence to determine whether plaintiff's disability in 1971 existed continuously and in the same degree for a period which would extend back to a date when she met the special earnings requirements of the Act, we are of the opinion that good cause exists to remand and we hereby remand this case to the Secretary for further hearing, Title 42 United States Code, Section 405 (g), and it is

Ordered, that the present cause be remanded to the Secretary with specific instructions that the complete record related to plaintiff's mental condition be developed; and it is further

Ordered that the hearing examiner make a complete investigation into plaintiff's nervous breakdown occurred in 1966 for a proper decision on this matter; and it is further

Ordered that the Secretary make new findings as to the intensity of plaintiff's mental condition during the period of coverage, considering the relevant evidence to be gathered, so as to determine whether the mental evidence reflects claimant was disabled on said period; and it is further

Ordered that the Secretary perform any and all further examinations it may deem proper and consistent with this Order.

The Court also deems proper to recommend that plaintiff be assisted at the rehearing of this case before the Secretary by his appointed counsel on the present cause.