**Valerie GALLIMORE, Plaintiff,**

v.

**Patricia R. HARRIS, Secretary of the United States Department of Health and Human Services, Defendant.**

**No. 80 C 4018.**

United States District Court,
N. D. Illinois, E. D.

April 22, 1981.

Alexander & Walkup, Ltd. by Michael J. Walkup, Chicago, Ill., for plaintiff.

Thomas P. Sullivan, U. S. Atty. by Kevin J. Egan, Asst. U. S. Atty., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

This is an action for judicial review of a final agency decision of the defendant, Secretary of the Department of Health and Human Services, denying the plaintiff's application for a period of disability and disability insurance benefits under Title II of the Social Security Act. 42 U.S.C. §§ 416(i), 423. The plaintiff has exhausted her administrative remedies and is properly before the court under the provisions of the Act. 42 U.S.C. § 405(g). Before the court are the parties' cross motions for summary judgment and the plaintiff's motion to remand for further proceedings. The issue before the court is whether the final decision of the Secretary is supported by substantial evidence.

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Allen v. Weinberger,* 552 F.2d 781 (7th Cir. 1977). Findings of fact made by the Secretary are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). On review, it is not the function of this court to weigh the evidence or to substitute its judgment for that of the Secretary. Judicial review is limited to the question of whether the decision of the Secretary is supported by substantial evidence.

A review of the record discloses that the plaintiff is a 32 year old female high school graduate who was last employed as a switchboard operator in June, 1972. The plaintiff resides with her husband and daughter. It is unclear from the record whether the plaintiff was discharged, or voluntarily resigned, from her last employment. A letter from her employer indicates that this employment terminated as a result of absenteeism which he attributed to a nervous condition. At some point prior to the hearing, the plaintiff attempted to supplement her family's income by working at a bingo parlor. The plaintiff was unable to engage in this employment due to either her nervousness, her medication, or the combined effects of both. The parties agree that the plaintiff was last insured for disability purposes on December 31, 1974.

In the hearing before the Administrative Law Judge (ALJ), the plaintiff was not present. Phyllis Flammang, her duly appointed representative, offered a statement from the plaintiff's physician which indicated that the plaintiff would be unable to attend the hearing due to her psychiatric impairment. This correspondence further indicated that the plaintiff suffered from agoraphobia (an abnormal fear of open space), and that she was under the care of a psychologist. Ms. Flammang stated that she was a personal friend of the plaintiff and that she was employed as a psychiatric nurse. The record does not indicate whether Ms. Flammang had at any time been involved in the treatment of the plaintiff, or whether her testimony was offered in her professional capacity.

Ms. Flammang stated that she had known the plaintiff for approximately three or four years and that throughout this period the plaintiff had been generally confined to her home. At some time during this period the plaintiff was able to leave her home, but only in the company of her husband. Ms. Flammang attributed the plaintiff's difficulties to a psychiatric illness known as agoraphobia. At the time of the hearing the plaintiff's condition had deteriorated and she was unable to leave her home accompanied by her husband.

Ms. Flammang also stated that the plaintiff was an alcoholic, that she had been hospitalized at Martha Washington Hospital in November of 1974 for detoxification, and that since that time, with exception of an attempt to work at a bingo parlor, the plaintiff has been unemployed. The record indicates that prior to the hearing, all communication between the agency and the plaintiff was conducted by telephone or written correspondence. A letter from the plaintiff also indicates that due to her illness, she was unable to attend a consultative examination, and she was unable to reach the consultative physician by telephone to arrange for an alternate appointment. In addition, Ms. Flammang stated that the plaintiff has abstained from alcohol since her detoxification. The hearing was terminated with leave to file additional documentation of the plaintiff's disability.

The objective medical evidence of the plaintiff's impairments consisted of the records of her hospitalization for detoxification in 1974, the records of her out-patient treatment for agoraphobia dated December 15, 1978 and May 8, 1979, and a statement filed subsequent to the hearing by the claimant's representative stating that in her opinion the plaintiff was emotionally and mentally disabled and has been for a number of years.

In the proceedings before this court, the plaintiff has attached a summary of a diagnostic interview with Irving Kagen, M.D., a

psychiatrist, dated November 30, 1978. Dr. Kagen diagnosed the plaintiff as suffering from severe agoraphobia. This summary states that the plaintiff had complained of total incapacitation throughout the six month period preceding this examination. Dr. Kagen recommended psychotherapy.

In addition, a letter from the plaintiff traces the development of her illness from childhood, noting absences from school, a remission of these symptoms with alcohol consumption, and increased difficulty when she stopped drinking.

On the basis of the foregoing evidence, the ALJ found that the plaintiff did not suffer from a disability as defined in the Act prior to December 31, 1974. In support of this conclusion, the ALJ noted that in April, 1979, the plaintiff filed her claim in person with the agency. He added that "she may have been accompanied by her husband but she was still able to get out of the house at that time. I believe it would be pure conjecture to conclude from the totality of the evidence in this case that Mrs. Gallimore's impairments were so severe and unamenable to treatment prior to December 31, 1974 as to prevent her from engaging in her customary occupation as a switchboard operator for any continuous period of twelve months."

In support of her motion to remand, the plaintiff argues that her lack of representation by counsel, coupled with her psychiatric impairments, prevented her from presenting relevant evidence that she was afflicted with agoraphobia during her period of eligibility. In addition, the plaintiff contends that the ALJ did not develop a full and fair record and that his erroneous finding of fact that she filed her claim in person was material to his determination. The Secretary concedes that the ALJ's finding concerning the filing of the claim was erroneous. The Secretary argues, however, that the plaintiff has failed to demonstrate on the basis of the objective evidence presented that she was disabled during her period of disability.

■ The court has carefully examined the record in this case and finds that the plaintiff's lack of representation by counsel, coupled with the undisputed existence of her mental impairment, prevented the plaintiff from fully presenting evidence of her disability. It is true that the lack of counsel, standing alone, is insufficient to warrant reversal or remand. Lack of counsel, coupled with other circumstances, especially the existence of a psychiatric impairment, may require a more complete development of the record. *Smith v. Secretary of Health, Education and Welfare*, 587 F.2d 857 (1978). *See also Alamo v. Richardson*, 355 F.Supp. 314 (D.C.P.R.1972); *Roman v. Secretary, HEW*, 355 F.Supp. 646 (D.C.P.R. 1972).

This court also finds that the Secretary's determination that the plaintiff had filed her claims in person is not supported by substantial evidence. It is apparent from the ALJ's evaluation of the evidence that this erroneous finding was a significant factor in the final determination. As stated previously, it is not the function of this court to weigh the evidence or to review the record *de novo*. The court therefore finds that an assessment of the totality of the evidence, in light of this factor, is more properly made by the Secretary.

■ In addition, medical evidence of a subsequent condition of health, reasonably proximate to a preceding time, may be used to establish the existence of this condition at a preceding time. Wigmore, Evidence, §§ 225, 233 (3d ed. 1940). *See also* Federal Rules of Evidence, 702, 704. It is not this court's function to speculate whether on remand, with a full and fair presentation of the evidence, an evaluation of this evidence will affect the ultimate outcome of this case. *Begley v. Matthews*, 544 F.2d 1345 (6th Cir. 1976).

For the reasons stated, the cause is remanded to the Secretary for the parties to develop evidence related to the plaintiff's total physical and mental problems as these may bear on the question of disability. The court cautions the plaintiff, however, that a full and fair development of the evidence will require her participation in the proceedings as directed by the Secretary.

Accordingly, the parties' cross motions for summary judgment are denied. The case is remanded for further proceedings.